[S. F. No. 4422. In Bank.—November 25, 1905.]

## UKIAH GUARANTY COMPANY, Petitioner, v. CHARLES F. CURRY, Secretary of State, Respondent.

STATUTES — PENALTIES — CONSTRUCTION. — Statutory penalties are not favored, and a reasonable interpretation of a statute which avoids a penalty will be preferred to one even equally reasonable which exacts it.

ID.—CORPORATIONS—STATE LICENSE TAX—ACT OF MARCH 20, 1905— DELINQUENCY—PENALTY.—Under the act of March 20, 1905, providing for the payment by all corporations of the state of a certain annual license tax to the secretary of state between the first Monday in July and the first Monday in August of each year, that any corporation failing to pay the tax shall, because of such failure, forfeit its charter, and that it shall be the duty of the secretary of state, on the first Monday in October in each year, to report to the governor of the state a list of all delinquent corporations, who shall forthwith issue his proclamation declaring that the charters of such corporations will be forfeited unless payment of the tax is made within sixty days from the date of said proclamation, together with a penalty of five dollars in addition thereto, although the license tax becomes delinquent for failure to pay by the first Monday in August of each year, the penalty for such delinquency does not attach until the list is turned over to the governor and he has issued his proclamation thereon.

APPLICATION for a Writ of Mandate to the Secretary of State.

The facts are stated in the opinion of the court.

J. W. Preston, and J. M. Mannon, Jr., for Petitioner.

E. B. Power, for Respondent.

HENSHAW, J.—The legislature, by act approved March 20, 1905, (Stats. 1905, p. 493, c. 386,) provided for the payment by all corporations of the state of a certain annual license tax. Section 2 of the act declares that the annual license tax is in the sum of ten dollars, and is to be paid "between the first Monday in July and the first Monday in August of each year to the secretary of state, who will pay the same into the state treasury to be paid into the general

fund of the state." Section 3 provides that any corporation failing to pay the tax shall because of the failure forfeit its charter. Section 4 provides that it shall be the duty of the secretary of state, on the first Monday in October in each year, to report to the governor of the state a list of all the corporations which have failed, neglected, or refused to pay the license tax, and the governor shall forthwith issue his proclamation declaring that the charters of such corporations "will be forfeited unless payment of such license tax is made, as above required, within sixty days from date of said proclamation, together with a penalty of five dollars in addition thereto." Petitioner tendered to the secretary of state in payment of its license tax the sum of ten dollars after the first Monday in August of the current year, but before the first Monday in October. The secretary of state refused to accept the tender of ten ˙dollars, and refused to issue the license to the petitioner for any sum less than the sum of fifteen dollars. Petitioner then sued for this writ of mandate, the sole question involved being the proper construction of the law in this regard. It is contended by respondent that the penalty accrued immediately upon the delinquency arising, or, in other words, immediately after the first Monday in August. If this had been the legislative intent, it would have been an extremely easy matter for the legislature so to have declared, but what in fact the legislature did declare is, as above quoted, that the secretary of state shall report the delinquents to the governor upon the first Monday of October, and that the governor shall forthwith issue his proclamation requiring, under penalty of forfeit of charter, payment of ten dollars together with a penalty of five dollars in addition thereto. Here is the first place where the penalty is mentioned in the law, and here is a legal notice extended to the corporations that on and after October 1st for their delinquency they have subjected themselves to a penalty. In construing a statute such as this it is to be remembered that penalties are not favored, and that a reasonable interpretation of a statute which avoids a penalty will be preferred to one even equally reasonable which exacts it. It would seem, therefore, under the language of this statute, not only a natural, but the most natural, construction to declare that the legislature meant the penalty to attach as of the date of the governor's procla-

CXLVIII Cal.—17

mation. There is a broad difference between a mere delinquency and a penalty attaching because of delinquency. Taxes may be and are often delinquent for long periods of time before penalties for such delinquencies attach. Instances of this may be found in our own tax laws and decisions. (*Harper* v. *Rowe,* 53 Cal. 233; *People* v. *Reis,* 76 Cal. 278, [18 Pac. 309]; *Lake County* v. *Sulphur Bank,* 66 Cal. 17, [4 Pac. 876]; *People* v. *North Pacific R. Co.,* 68 Cal. 553, [10 Pac. 45].) In this case, therefore, it appears that while the license tax becomes delinquent for failure to pay by the first Monday in August of each year, the penalty for such delinquency does not attach until the list is turned over to the governor and he has issued his proclamation thereon.

It has been suggested as a possible construction of the law that it was not the duty of the secretary of state to receive any sum of money after the first Monday in August. The secretary of state raises no such point. In effect, he expresses his willingness to receive whatever is legally chargeable, but urges that fifteen dollars is the proper amount. But to hold that it was not the duty of the secretary of state to accept this money would not only be to import into the statute language which it does not contain, but it would be, to do this, to the accomplishment of the very thing—namely, forfeiture— which the rules of construction command shall be avoided if reasonably possible; for if it should be said, in the absence of a statutory declaration to that effect, that the secretary of state should not receive the money, it would mean that the corporation could not pay until after the governor's proclamation, when it would be compelled to pay the ten dollars with the penalty added. We construe the statute, therefore, to mean that while this license tax becomes delinquent for failure to pay by the first Monday in August, there is a period of grace allowed between that time and the time of the governor's proclamation in which the money can be paid and the penalty avoided.

For which reasons let a writ of mandate issue as prayed for.

Beatty, C. J., Lorigan, J., McFarland, J., Shaw, J., Van Dyke, J., and Angellotti, J., concurred.