[Civ. No. 99. Fourth Appellate District.—July 9, 1930.]

THE PEOPLE, Respondent, v. FIDELITY AND DEPOSIT COMPANY OF MARYLAND (a Corporation), Appellant.

Curtis Hillyer for Appellant.

Stephen Connell, District Attorney, and E. I. Kendall, Deputy District Attorney, for Respondent.

BARNARD, J.—On July 16, 1926, one C. H. Wadsworth was held to answer after a preliminary examination on a felony charge. His bail was fixed at $500. On July 21, 1926, the defendant surety company furnished an undertaking in the sum of $500, which was approved by a judge of the superior court, and the said Wadsworth was released from custody. The condition of said bond is as follows:

"Now we, Fidelity and Deposit Company of Maryland, a corporation . . . hereby undertake that the above named C. H. Wadsworth will appear in that or any other court in which his appearance may be lawfully required upon that charge and will at all times render himself amenable to its orders and processes, and will appear for judgment and surrender himself in execution thereof; or if he fails to perform either of these conditions, that we will pay to the People of the State of California the sum of Five Hundred Dollars."

Thereafter, said Wadsworth entered a plea of not guilty, but later, on October 25, 1926, he entered a plea of guilty, waived time and applied for probation. Pending a report and hearing on this application, said defendant was allowed to remain at liberty. The hearing on said application for probation was regularly continued, from time to time, until February 26, 1927, and the said Wadsworth having failed to appear at that time, after due proceedings, said bond was regularly declared forfeited and this action was brought thereon. In its answer the defendant surety company set up as a defense that when the said Wadsworth appeared in the superior court, pleaded guilty and asked for probation, the liability of the bonding company was at an end; and that it was unaware of the release of Wadsworth after conviction, and had not consented to such release. The plaintiff moved to strike out this portion of the answer, which motion was granted. Upon the trial of the case, judgment was entered for the plaintiff. The defendant surety company has appealed on a bill of exceptions covering the proceedings result- ing in the order to strike, and upon the judgment-roll. The only question presented by the appellant is as to whether or not the portion of the answer stricken out by the trial court constituted a good defense to this action; the only point argued by the appellant being that it was the duty of the court to order Wadsworth into custody upon his plea

of guilty, and that appellant was released from liability on the bond when the court failed so to do.

The said Wadsworth was admitted to bail under the provisions of section 1277 of the Penal Code, after he had been held to answer. How such bail shall be furnished and its form, is provided by section 1278 of that code. The obligation of such a bond as provided by said section is as follows:

" . . . hereby undertake that the above-named C. D. will appear and answer the charge above mentioned, in whatever court it may be prosecuted, and will at all times hold himself amenable to the orders and process of the court, and if convicted, will appear for judgment and render himself in execution thereof, or if he fails to perform either of these conditions, that he will pay to the people of the state of California the sum of —— Dollars."

The law not only provides for such an admission of a defendant to bail, after he has been held to answer, but provides the definite form of the undertaking which shall be given. This does not stop with a provision that he shall hold himself amenable to the orders and processes of the court until he is convicted, but also provides that if convicted he will appear for judgment and render himself in execution thereof. There is a clear distinction between conviction and the pronouncing of judgment. (*Ex parte Brown,* 68 Cal. 176 [8 Pac. 829].) Conviction, either by the verdict of a jury or by a plea of guilty, is a separate step in the proceedings which takes place prior to the pronouncing of judgment. ■ We think it is clear that the meaning of sections 1277 and 1278, when read in connection with the other sections of the Penal Code leading up to them, is that a defendant may be admitted to bail not merely until the time he is convicted, but until he appears for judgment, and that such a bond as that now under consideration continues until the defendant, for whose release it is given, makes this appearance.

■ If this be not the case, there is no provision in our law for admission to bail between the time of conviction and the appearance for judgment. Unless time is waived there must be at least two days between these events, and in case of application for probation, a much longer period usually elapses. No good reason appears why bail should not be permitted during such an interval. The form of the

bond provided by section 1278 definitely covers such an interval. And section 1129 of the Penal Code gives to the court a *discretion* in regard to ordering a defendant who has given bail into custody, at any time after his appearance for trial. The very fact that the court has such a discretion, indicates an intention that the existing bond shall continue until judgment is pronounced. Otherwise, there being no provision in law for another bond to be given during this interval, the only discretion the court could have would be to send the defendant to jail or to release him without any bond whatever. It is not to be assumed that such was the intention of the legislature. ■ Again, section 1166 of the Penal Code provides that after a verdict is rendered the defendant *must* be remanded if in custody, or if on bail he *may* be committed to await the judgment of the court, and that when committed his bail is exonerated. The plain implication from this is that if a defendant is out on bail, the court has a discretion either to commit him or not to do so, and that if he is not committed, his bail is not exonerated.

We find nothing in the statutes denying authority to release a defendant upon bail, the bond being so conditioned as to make the surety responsible for the appearance of the defendant up to the time for pronouncing judgment. On the other hand, the statutes seem to particularly authorize such a bond.

■ Under such circumstances it becomes a question of what the parties themselves have contracted to do. (*People* v. *Fidelity & Deposit Co. of Maryland,* 106 Cal. App. 372 [289 Pac. 231].) In this case the appellant agreed that in the event Wadsworth did not appear for judgment and surrender himself in execution thereof, it would pay the amount of the bond. Wadsworth having failed to appear, we see no reason why the appellant is not liable upon its contract.

Appellant cites cases to the effect that an application for admission to bail after conviction is addressed to the discretion of the trial court. The cases referred to have reference to an admission to bail after conviction and upon appeal, as provided for in section 1272 of the Penal Code. There can be no appeal until judgment is pronounced, and these cases have no application to the facts now under consideration. ■ It is also argued that there must be some hearing or showing before the trial court can exercise such

a discretion, and that appellant was entitled to notice thereof. The court may exercise the discretion given by section 1129 of the Penal Code without any hearing or showing, and without notice. ▮ Nor has the surety a right to assume that the court will commit a defendant to custody, as it *may* do under sections 1129 and 1166 of the Penal Code. No additional burden was placed upon this surety, and if, after the plea of guilty, the appellant was not satisfied with the risk it had assumed, it had the right at any time to surrender the defendant for whom the bail was furnished.

The views we have herein expressed are in line with the weight of authority elsewhere. (*People* v. *MacGregor*, 147 App. Div. 488 [131 N. Y. Supp. 783], and 20 A. L. R. note, at page 624, and cases cited.)

The judgment appealed from is affirmed.

Cary, P. J., and Ames, J., *pro tem.*, concurred.