172 Cal.App.2d Supp. 812 (1959)
THE PEOPLE, Respondent,
v.
JANE DOE, Defendant; NATIONAL AUTOMOBILE AND CASUALTY INSURANCE COMPANY, Appellant.
California Court of Appeals. 
July 15, 1959.
 Joseph Joblin for Appellant.
 Harold W. Kennedy, County Counsel (Los Angeles), and Robert W. Garcin, Deputy County Counsel, for Respondent.
 Before Swain, Acting P. J., David, J., and Huls, J.
 THE COURT.
 Defendant Fisher was arrested on a morals charge, and the appellant insurance company became surety on a corporate bail bond, in the sum of $250.
 The obligation of the bail bond is contractual. The surety undertakes (Pen. Code, 1459) "that the above-named defendant will appear in the above-named court on the date above set forth to answer the complaint filed against him/her and all duly authorized amendments thereof, in whatever court it may be prosecuted, and will at all times hold him/herself amenable to the orders and process of the court and, if convicted, will appear for pronouncement of judgment. ..."
 [1] A bail bond serves a three-fold purpose: (1) it permits release of a defendant from incarceration; (2) it delivers the custody of the defendant to the bail bondsmen; (3) it guarantees the personal appearance of the defendant for trial, and in execution of any judgment. (County of Los Angeles v. [172 Cal.App.2d Supp. 814] Maga (1929), 97 Cal.App. 688, 690 [276 P. 352].) The last above stated is the primary purpose. (Sawyer v. Barbour (1956), 142 Cal.App.2d 827, 833 [300 P.2d 187].)
 Penal Code, section 1305, provides in part: "If, without sufficient excuse, the defendant neglects to appear for arraignment or for trial or judgment, or upon any other occasion when his presence in court is lawfully required, or to surrender himself in execution of the judgment, the court must direct the fact to be entered upon its minutes and the undertaking of bail ... must thereupon be declared forfeited."
 When a defendant pleads guilty, or is found guilty, the judgment or sentence is required to be pronounced at a time fixed by the court, "which must be within 21 days after the verdict, finding or plea of guilty, during which time the court shall refer the case to the probation officer for a report if eligible to probation. ..." (Pen. Code, 1191.) At the time fixed by the court in this case for judgment and report on the application for probation, the defendant did "appear for pronouncement of judgment." She was granted summary probation, as a condition of which she was committed to jail to serve (and she did serve) 30 days. Upon completion of this imprisonment she left jail pursuant to the order for probation, and not by reason of bail. It cannot be that she was still on bail while committed to jail. Commitment to jail terminates the obligations of bail. (Pen. Code, 1166; People v. McReynolds (1894), 102 Cal. 308 [36 P. 590].)
 Upon her release from jail, defendant entered upon the discharge of a second obligation of probation, which was that she should pay a fine of $250, in five monthly installments. Not having paid the third installment when due, the court summarily ordered that she be rearrested on a bench warrant, and directed forfeiture of her bail. Upon granting probation, further proceedings had been suspended. On December 17, 1958, probation was revoked, and sentence imposed upon defendant in absentia. On the same day, the surety company moved for an order vacating the order forfeiting bail, and an order for its exoneration as surety, which motions were denied. The motions made were proper (People v. Hodges (1928), 205 Cal. 476 [271 P. 897].) On December 26, 1958, the surety appealed from denial of its motions.
 [2] An order refusing to set aside forfeiture of bail is appealable. (People v. Oppenheimer (1956), 147 Cal.App.2d Supp. 827 [305 P.2d 306]; cf. Los Angeles Surety Co., Inc. v. Municipal Court (1931), 111 Cal.App. 133 [295 P. 591].) [172 Cal.App.2d Supp. 815] [3] We conclude that such an appeal is a civil, and not a criminal, appeal. The proceedings in People v. Bannister (1957), 153 Cal.App.2d 480 [314 P.2d 577], and People v. Calvert (1954), 129 Cal.App.2d 693 [277 P.2d 834], seem to support such an inference by reason of the fact that each bears a civil number. When forfeiture has been decreed, a civil judgment is entered, upon which execution is authorized. (Pen. Code, 1306.) This appeal, therefore, was taken in time. (Rules on Appeal from Municipal Courts in Civil Cases, rule 2.)
 The respondent People contends, that since further proceedings were suspended when probation was granted, the bail bond continued in effect until judgment (sentence) finally was pronounced; and although defendant had appeared to answer the complaint, for trial, and at the time fixed for pronouncement of judgment in the first instance, she was still subject to the obligation to appear upon any other occasion when her presence was lawfully required, and to surrender herself in execution of the judgment, and to hold herself amenable at all times to the orders and process of the court.
 [4a] The theory that she had not held herself amenable to such orders, by failing to make the payment under the probation order, with consequent liability of the bail, cannot be sustained. Where defendant violated the terms of probation by failing to pay monthly installments of her fine, her liability did not become the liability of the bondsman. The guaranty that defendant will hold herself amenable to the orders of the court relates solely to her appearance when required. A bail bondsman does not undertake by the statutory bond to guarantee the payment of any fine assessed against the defendant (cf. Rodman v. Superior Court (1939), 13 Cal.2d 262, 267 [89 P.2d 109], cash deposit.)
 [5] We do not doubt that the obligation of the bail bond continues in cases where sentence [the judgment] is pronounced, but the execution thereof is suspended to a certain date (United States Fid. & Guar. Co. v. Justice Court (1950), 99 Cal.App.2d 683 [222 P.2d 292]); or if defendant is on bail, pending the hearing upon his application for probation (People v. Fidelity & Deposit Co. (1930), 107 Cal.App. 160 [290 P. 59]); or upon delay in trying the cause (Pen. Code, 1383). Such instances involved a failure to appear at a time which was fixed and certain. Nor is the matter at issue resolved by U.S. Fid. & Guar. Co. v. Justice Court, supra, 99 Cal.App.2d 683, 687, since now an order granting or revoking [172 Cal.App.2d Supp. 816] probation is appealable, and Penal Code, section 1166, was not therein considered.
 [6] But even if the People's contentions were correct, the bail bond herein was improperly forfeited, under Penal Code, section 1305, since there was no showing that the defendant neglected to appear for judgment or at any time her presence was lawfully required. A defendant's presence is not required at an ex parte revocation of probation. It is not required before sentence can be pronounced, upon revocation of probation (Pen. Code, 1193; 1203.2). Upon revocation of probation, the procedure is to rearrest the defendant. (Pen. Code, 1203.2.) Upon such revocation, there is no provision for notice to bail to surrender him or her. If the defendant is rearrested, the bail previously posted is inoperative because the defendant must be committed under the sentence. (Pen. Code, 1215.)
 [4b] The People's construction of Penal Code, section 1459, however plausible at first blush, involves such inherent inconsistencies and anomalies that we do not believe the legislative intention embraces it.
 Penal Code, section 1166, provides that "If a general verdict is rendered against the defendant, or a special verdict is given, he must be remanded, if in custody, or if on bail he may be committed to the proper officer of the county to await the judgment of the court upon the verdict. When committed his bail is exonerated. ..."
 We conclude that by the order for probation, defendant had been committed to the custody of the "proper officer of the county," to wit, first the jailer, then the court, and upon making of the probation order, the bail was exonerated by operation of law.
 That such was the legislative intention is also indicated by Penal Code, section 1203.1, providing that a judge in granting probation may require another bond "for the faithful observance and performance of any or all of the conditions of probation." (Pen. Code, 1203.1.) If it were the legislative intention that the bail bond given to procure release of the defendant before trial should continue in force, or that bail should be posted after trial if the defendant then for the first time was released on probation, the statute certainly would have stated this in fixing the form of the bond obligation.
 Pen. Code, section 1300, respecting surrender of a defendant and exoneration of bail, requires that the defendant be [172 Cal.App.2d Supp. 817] surrendered "to the officer to whose custody he was committed at the time of giving bail. ..." Ordinarily, at any time during the continuance of bail, the sureties are entitled to arrest a defendant, and redeliver custody of him to the court (Pen. Code, 1300-1301.) But if the court has granted the defendant probation, the power to surrender the defendant not only would defeat the purpose of probation, but would impair its operation, as both the court and the sureties would have the control of the defendant. This anomaly, we are sure, was neither intended nor enacted by the Legislature.
 If bond were still in effect after a probation order was made which did not impose incarceration as a term thereof, a surrender of the defendant to the jailer by the bondsmen would be an idle act; because the jailer would then have no authority to imprison the defendant, she being free by the terms of the probation order.
 An order granting probation without imposing incarceration as a term thereof, frees from jail a defendant who has been unable to post bail. It is inconsistent that a defendant, who is on bail, should be in a less favorable position than such a prisoner, or that he should continue in the technical custody of his bondsmen.
 In Rodman v. Superior Court, supra, 13 Cal.2d 262, the court held that when a defendant appears at the "time for pronouncement of judgment" under Penal Code, section 1191 (which is also the time for hearing of an application for probation), the surety is entitled to be exonerated upon application. This is inconsistent with the theory that if at the time of such appearance and hearing, the defendant is granted probation, the bail bond still continues in a state of suspended animation, to be revived if ever probation is revoked.
 [7] Under the circumstances of this case, the provisions of Penal Code, section 1166, are self-operating. The order forfeiting the bail was not erroneous but void. The proceeding to vacate such an order provided by Penal Code, section 1305, whereby bail may be exonerated even after forfeiture, upon a timely showing that the "absence of the defendant was not with the connivance of the bail" and the defendant and bail satisfactorily "excuse the defendant's neglect" by its terms does not apply to, nor limit, the relief sought. The void order may be attacked at any time, the invalidity appearing upon the record before us. (Jellen v. O'Brien (1928), 89 Cal.App. 505, 508 [264 P. 1115]; Olivera v. Grace (1942), 19 Cal.2d 570, 574 [122 P.2d 564, 140 A.L.R. 1328].) [172 Cal.App.2d Supp. 818]
 The order denying the motion to vacate the order for forfeiture of bail is reversed, with directions to grant the motion and to order the bail exonerated.
 HULS, J.
 I concur in the judgment on the authority of Penal Code, section 1166 and People v. McReynolds (1894), 102 Cal 308 [36 P. 590]. Defendant's commitment to jail exonerated the bail by operation of law.