[Crim. No. 3810.   First Dist., Div. Two.   Sept. 23, 1960.]

THE PEOPLE, Respondent, v. LOIS MAE SCOTT, Defendant; JOHN BALLESTRASSE, Real Party in Interest and Appellant.

Graves & MacLeod for Appellant.

J. F. Coakley, District Attorney and William S. Coit, Deputy District Attorney, for Respondent.

DRAPER, J.—The defendant in this criminal action has long since disappeared and is utterly unconcerned with this appeal. It is prosecuted by the surety upon her bail bond, who seeks vacation of the order forfeiting bail.

At the conclusion of a nonjury trial, Lois Mae Scott was found guilty of two felony counts. The court announced its findings, and then said "The defendant is remanded into custody." Defendant and her attorney immediately urged that she be permitted to remain at liberty to make arrangements for care of her 2-year-old child. After a brief colloquy, the court continued the case for three weeks for sentence, referred it to the probation officer for report, and ordered defendant to return three days later, directing that "defendant is remanded into custody at 9:15 a.m. on Monday, November 9." Defendant was seen no more. Her bail was forfeited, and appellant's motion to vacate the order of forfeiture was denied. He appeals.

The bail bond was conditioned that defendant should "hold herself amenable to the orders . . . of the court, and, if convicted, will appear for judgment and render herself in execution thereof . . ." (Pen. Code, § 1458). ▇ Since defendant was free on bail at time of conviction, it was optional with the court to permit her to remain at liberty on bail pending judgment (Pen. Code, § 1166; *People* v. *Fidelity & Deposit Co.*, 107 Cal.App. 160 [290 P. 59]).

Appellant contends, however, that bail was exonerated by the mere statement of the court that "defendant is remanded into custody." He does not argue that a deputy sheriff or other law enforcement officer exercised any act of actual dominion or control over defendant, or that any word or conduct of hers amounted to her submission to custody or control of the sheriff. His sole argument is that the trial

judge's uttering of the words "The defendant is remanded into custody" amounted to transfer of custody from bail to sheriff, and thus exonerated the bail.

Appellant's principal reliance is upon language of a text (7 Cal.Jur.2d, Bail and Recognizance, § 36) to the effect that an order of commitment exonerates the bail. But the decision upon which this language is based (*People* v. *McReynolds,* 102 Cal. 308 [36 P. 590]) emphasizes that there the sheriff actually took the defendant into custody under the court's order, and holds only that a later release of defendant does not reinstate the obligation of the bail. ■ It is significant, also, that the code provision for exoneration of bail by surrender of the defendant requires that the officer to whom the surrender is made "must detain the defendant in his custody" (Pen. Code, § 1300, subd. 1). While no great formality is required to constitute a taking into custody by the sheriff (*State* v. *Zimmerman,* 112 Iowa 5 [83 N.W. 720]), there must be some submission to custody or control to exonerate the bail (*State* v. *Blum,* 57 N.D. 619 [223 N.W. 697]).

■ Here there was no actual custody of defendant by the sheriff. The language of the court directing remand was never entered in the minutes, and obviously was not intended as an order, since it but opened a colloquy which resulted in the order permitting defendant to remain free on bail for a limited time. We are satisfied that on the facts before us there was not even a constructive custody in the sheriff. Thus bail was not exonerated.

Order affirmed.

Kaufman, P. J., and Shoemaker, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 16, 1960.