[Civ. No. 30565.   Second Dist., Div. Two.   Nov. 27, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. WABASH FIRE AND CASUALTY INSURANCE CO., Defendant and Appellant.

Fitzgerald & Davis and Morrise Davis for Defendant and Appellant.

Harold W. Kennedy, County Counsel, and Martin E. Weekes, Deputy County Counsel, for Plaintiff and Respondent.

FLEMING, J.—Wabash Fire and Casualty Insurance Company (Wabash) appeals an order denying its motion to set aside a bail forfeiture.

On 1 February 1965 Wabash filed a bail bond in Los Angeles Municipal Court for $3,850 on behalf of Clarence Lee Thompson, whose trial on a charge of possession of heroin was set for 10 June in the superior court. On that date Thompson did not appear, and bail was forfeited by an order entered on 18 June. Wabash was given notice of the forfeiture by the county clerk on 22 June.

Wabash looked for Thompson and eventually concluded he was being held by federal authority in the San Diego County jail under the name Thomas Rucker. On 10 September Wabash moved to set aside the order of forfeiture and exonerate the bond, and in support of its motion submitted a declaration by its agent stating that on 10 June Thompson-Rucker had been in custody in the San Diego County jail. The motion was continued to 8 October, apparently to give Wabash time to produce more convincing evidence that Thompson and Rucker were the same person. On 8 October the motion was denied, and the denial was entered in the minutes on 15 October.

On 21 October Wabash filed a second motion to set aside the bail forfeiture, which motion was denied on 22 December by an order entered 30 December. On 2 February 1966 Wabash filed a notice of appeal from the denial of its second motion.

■ The first question is whether the original motion was timely. It was. Section 1305, Penal Code, formerly allowed 90 days for the making of such motions, but on 17 September 1965, the time limit was increased to 180 days. (Cal. Stats. 1965, ch. 1926, p. 4448, § 1.) The motion on 10 September was timely under either limit, because the allowable period to make the motion only began to run on the entry of the order of forfeiture on 18 June. (*People* v. *Black,* 55 Cal.2d 275, 278 [10 Cal.Rptr. 459, 358 P.2d 915].) Appellant, however, took no appeal from the denial of this motion, and the time to appeal expired within 60 days of the entry of the order.

The second motion, as we have seen, was denied on 22 December by an order entered 30 December. Appellant's notice of appeal was filed 2 February. ■ If we deem the second motion to have been, in substance, a motion for a new trial on the issue of setting aside the forfeiture, an appeal from its denial should have been, but was not, taken within 30 days of the entry of the denial. (Cal. Rules of Court, rule 3(a).) Again appellant was too late. ■ And if the second motion is not treated as a motion for a new trial, then it is ineffectual for any purpose, and from its denial no appeal lies, since the denial of the first motion was an appealable order which had become final and res adjudicata on the issue involved. (*People* v. *Walling,* 195 Cal.App.2d 640, 649 [16 Cal.Rptr. 70].)

The appeal is dismissed.

Roth, P. J., and Herndon, J., concurred.