[Civ. No. 33403.   Second Dist., Div. Two.   July 22, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. UNITED BONDING INSURANCE COMPANY, Defendant and Appellant.

Zide & Zide, Thomas Zide and Kenneth Foley for Defendant and Appellant.

John D. Maharg, County Counsel, and Ronald D. Aubert, Deputy County Counsel, for Defendant and Appellant.

WRIGHT, J.—The appellant, United Bonding Insurance Co., (United) appeals from an order entered February 21, 1968, denying its motion to see aside the forfeiture of bail which it had posted in the criminal action, People v. Carlos C. Cuevas (Cuevas), Los Angeles Superior Court No. 309017.

The facts are not in dispute. Cuevas was convicted of a violation of section 11500.5 of the Health and Safety Code of this state. He appealed the conviction and was released on bond posted by United in the sum of $11,000 and on a bond in a similar amount posted by another bonding company. The remittitur from the Court of Appeal was filed with the superior court on July 12, 1967, and on July 27, 1967, the cause was restored to the calendar of Department 100 (the criminal master calendar department of the superior court) for further proceedings on August 21, 1967 at 11 a.m.

On August 21, 1967, at the hour of 11:45, the judge called the matter in open-court, asked if Cuevas was in the courtroom and upon discovering that he was not present forfeited bail and ordered that a bench warrant issue. At 12:05 p.m. that same day counsel for Cuevas appeared and asked the court to hold up the release of the bench warrant until the following day upon the representation that he would produce Cuevas in court at that time. The court acquiesced in counsel's request and ordered that the bench warrant be held until August 22, 1967. On August 22, 1967, counsel appeared before the court with Cuevas and at counsel's request the matter was continued to September 22, 1967 at 11 a.m. for trial in Department 100. The bench warrant was recalled and quashed. Cuevas was ordered to return on that date. The fol-

lowing colloquy then took place between the court and counsel for Cuevas:

"MR. MARCUS: There was a warrant issued yesterday in this matter and held until now. THE COURT: The warrant will be recalled. Was there a bail forfeiture? MR. MARCUS: No bail forfeiture. THE COURT: The defendant may stay out on bail then."

The court on its own motion has augmented the record on appeal by an examination of the minute orders issued on August 21, 1967, in Department 100 and the same discloses that on that date the court had 138 separate matters before it. The clerk's transcript at pages 5 and 6 indicates that different deputy county clerks were assigned to Department 100 on August 21 and August 22. The records of the county clerk reflect that on August 29, 1967, notice of the order of forfeiture was sent to United.

The court minutes for September 22, 1967, indicate that counsel for Cuevas was present but Cuevas did not make an appearance at any time on said date. The court again issued a bench warrant for his arrest with "no bail" and at request of counsel held the bench warrant to September 29, 1967 at 11 a.m. When there was no appearance by Cuevas on this later date, the court ordered the bench warrant previously held to be released.

On February 16, 1968, United noticed a motion for vacation of the bail forfeiture and exoneration of the bond, the same to be heard at 11 a.m. on that day in Department 100. The district attorney and county counsel waived notice and agreed that the matter could be heard at the aforementioned time and place. The said notice of motion was supported by an undated document signed by Richard H. Savage which purported to be an affidavit of non-collusion but which could not qualify as an affidavit as it lacked a jurat (Code Civ. Proc., § 2003) and could not serve as a certification or declaration under penalty of perjury as it did not state the date and place of execution within this state (Code Civ. Proc., § 2015.5).

Also attached were points and authorities in support of the motion and a declaration by one Joey Durando, bail bondsman, to the effect that the first notice he had received from the court clerk was after Cuevas' failure to appear in court on September 22, 1967. Durando stated that thereafter he talked with Cuevas' wife and was informed that he (Cuevas) was out of town. Durando further represented that "since said

time I have attempted to locate the defendant [Cuevas] but have been unsuccessful in my efforts.''

On February 16, 1968, the court denied the motion to set aside the bail forfeiture.

## Appellant's Contentions

Appellant contends as follows:

1. That the order forfeiting bail was void; and

2. That the court in releasing Cuevas without imposing a new bail after a forfeiture was declared was such a substantial interference with the contract between appellant and the People that the appellant is relieved of liability on the bail.

## First Contention

Appellant relies upon some language appearing in the case of *People* v. *Resolute Ins. Co.,* 259 Cal.App.2d 633 [66 Cal.Rptr. 421], in support of its contention that the order forfeiting bail was void. In the *Resolute* case, *supra,* the trial court upon representation of the district attorney that the defendant was in custody in Canada forfeited bail and ordered the issuance of a bench warrant some *three days prior* to the date that the defendant was required to appear in court for trial. The Court of Appeal quite properly held that as of the earlier date, the date the order of forfeiture was made, the court's action was in excess of its jurisdiction and the order void. This factual situation is not, of course, in any way similar to that in the cause before this court by reason of the fact that the order of forfeiture was made *on* the day that Cuevas was required to appear in court but failed so to do.

The relevant portions of Penal Code section 1305 read as follows: ''If, without sufficient excuse, the defendant neglects to appear . . . for trial . . . , or upon any other occasion when his presence in court is lawfully required . . . the court must direct the *fact* to be entered upon its minutes and the undertaking of bail . . . must thereupon be declared forfeited. . . .'' (Italics added.)

In the *Resolute* case, *supra,* the court apparently indicates that the minutes must reflect *both* the fact of nonappearance and that the nonappearance was without sufficient cause. Failure to include both in the order results in the same being void. We do not interpret the code section in such a manner. The singular word, ''*fact*'' is used, not the plural word, ''*facts,*'' and the ''fact'' that is determinative is the non-

appearance of the defendant. If "sufficient excuse" is shown for his nonappearance, it is unlikely that an order of forfeiture would be made by the court. It is mere surplusage to include the language "without sufficient cause." The minute order clearly indicated that Cuevas was not present in court and that the court thereupon ordered the forfeiture of bail. Such was in compliance with the requirements of Penal Code section 1305 and the order was not void by reason of the failure to include the phrase, "without sufficient excuse."

## SECOND CONTENTION

Appellant contends that the court's release of Cuevas on the day following the date of the order of forfeiture without imposition of new bail was a substantial interference with the contract between appellant and the People and that by reason thereof appellant was relieved of liability.

The basis for this contention rests on the decision in *People v. Meyers,* 215 Cal. 115 [8 P.2d 837]. In that case, a Mrs. E. W. Breed was arrested in Alameda County on a felony charge and released on bail, the defendants Meyers, et al. posting the same. As she left the courtroom, Mrs. Breed was arrested on a warrant emanating from San Francisco County and was placed in custody in that county. She later pleaded guilty and was sentenced to imprisonment in the county jail of San Francisco County. Before she had completed serving the required time, the judge who had imposed sentence suspended the same and directed that she be placed in the custody of the probation officer to be sent to Portland, Oregon, and further ordered that she remain away from the State of California. Meanwhile, in the Alameda County proceedings, bail forfeiture occurred by reason of Mrs. Breed's failure to appear for arraignment. Suit was brought on the bond and the trial court held that the defendant bondsmen "were prevented by operation of law from having the custody of said prisoner and that by reason thereof are exonerated from their obligation." (*People v. Meyers, supra,* at page 117.) The Supreme Court affirmed the order of the trial court stating "But do the sureties [Meyers, et al.] also take the risk of connivance in the unlawful act by state authorities? We think not; . . . . The state, acting through its officers in one county, cannot hold defendants liable for failure to perform, when such performance was delayed, hindered and finally made, for all practical purposes, impossible, by the state acting through its officers in another county." (*People v. Meyers, supra,* pp. 119-120.)

In *People v. McReynolds,* 102 Cal. 308 [36 P. 590], the

court ordered the defendant into custody and on the same day without notice to the surety, the court made an order vacating the order remanding the defendant into custody and ordered that the bail be reinstated. When the defendant later failed to appear an order of bail forfeiture was made. The Supreme Court in holding for the defendant surety stated at pages 311-312: "The responsibility of the sureties is based upon their custody of the person bailed, and their rights and powers under such custody. If they are at any time fearful that he may not appear, they can have him arrested and surrendered; or he may surrender himself; and, in either event, they are exonerated. (Pen. Code, § 1300.) When. the court orders him into the custody of the sheriff, and the latter takes him, the same result follows. Vacating the order did not by operation of law restore him to appellant's [the surety] custody."

The cases just considered involve situations where defendants were actually taken into custody and the courts relieved the sureties of responsibility on their bonds. The rule is otherwise when defendant has not been placed in custody.

In *People* v. *Scott*, 184 Cal.App.2d 792 [7 Cal.Rptr. 755], after a finding of guilt, the court ordered the defendant remanded into custody. The defendant and her attorney immediately urged that the defendant be permitted to remain at liberty and the court acquiesced in the request ordering the defendant to return to court some three days later. When the defendant failed to return an order of forfeiture was made and the surety contended that the mere statement that "defendant is remanded into custody" exonerated the bail. The court rejected this argument holding "It is significant, also, that the code provision for exoneration of bail by surrender of the defendant requires that the officer to whom the surrender is made 'must detain the defendant in his custody' (Pen. Code, § 1300, subd. 1). While no great formality is required to constitute a taking into custody by the sheriff [citation], there must be some submission to custody or control to exonerate the bail [citation]." (*People* v. *Scott, supra,* at p. 794.)

The court permitted Cuevas to leave the courtroom after his attorney, apparently without making any inquiry, assured the court that no order of forfeiture had been made. As previously indicated the court had heard 138 separate matters on the day the order was made and could not be expected to recall the details of each case on which he had ruled. The court stated that Cuevas could remain at liberty on bail which

the court assumed was still in full force and effect. The court's action was clearly predicated upon reliance of statements of counsel and such does not constitute a substantial interference with the surety's rights under its contract with the state.

We are not persuaded by appellant's argument that the court added a risk which the surety was not required to assume. Sureties were not relieved from their obligation because the trial of the cause was continued several times without the knowledge or consent of the sureties, (*County of Los Angeles* v. *Grannis*, 88 Cal.App. 391 [263 P. 835]) or because the court did not commit the defendant into custody immediately upon conviction (*People* v. *Fidelity & Deposit Co.*, 107 Cal.App. 160 [290 P. 59]) or because a defendant while out on bond had been arrested on a different charge and released on his own recognizance. (*San Francisco* v. *Staude*, 92 Cal. 560 [28 P. 778].) The courts held in each of these cases and in other similar instances that there was no increase in the risk of the surety. We are of the opinion that no additional risk was involved under the facts of the cause before this court.

While the furnishing of bail generally allows an accused to be at liberty, he technically is considered as having been delivered into the custody of his sureties who are legally liable for his appearance in court at required times in accordance with the terms of their undertaking. (See *County of Los Angeles* v. *Maga*, 97 Cal.App. 688 [276 P. 352].)

United guaranteed the appearance of Cuevas and Cuevas did not appear. United did not fulfill its promise to the court and for this reason the order of forfeiture was proper.

The order is affirmed.

Roth, P. J., and Herndon, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 17, 1969.