[Civ. No. 31800. First Dist., Div. One. Jan. 10, 1974.]

THE PEOPLE, Plaintiff and Respondent, v.
NORTH BEACH BONDING COMPANY, Defendant and Appellant.

**COUNSEL**

Nathan Cohn and Richard Carpeneti for Defendant and Appellant.

Keith C. Sorenson, District Attorney, James M. Parmelee and Thomas F. Casey III, Deputy District Attorneys, for Plaintiff and Respondent.

**OPINION**

**SIMS, J.**—North Beach Bonding Company has appealed from orders of the trial court which refused to set aside a forfeiture of bail.[1] The record fails to contain a copy of the bail bond or of any judgment entered against the bail bond agent or a surety insurer,[2] so the interest of appellant is ob-

---

[1]The notice of appeal which is entitled "PEOPLE OF THE STATE OF CALIFORNIA Plaintiff v. PETER JOHN TOVAR, WILSHIRE INSURANCE COMPANY and NORTH BEACH BONDING CO. Defendants" reads: "NOTICE IS HEREBY GIVEN that defendant NORTH BEACH BONDING COMPANY hereby appeals to the Court of Appeal of the State of California, First Appellate District, from that certain judgment or order made and entered by the above-entitled Court in this action on April 13, 1972, and confirmed by said Court on re-hearing on May 1, 1972. Said order, which was an order refusing to set aside forfeiture of bail, was in favor of plaintiff and against defendants." Following the subscription of the attorney appears "Attorney for Defendant North Beach Bonding Company."

[2]The clerk's transcript does contain a copy of a summary judgment and a notice of entry of judgment entered against Wilshire Insurance Company on May 4, 1972, for the sum of $6,500 for failure of another defendant to appear on October 26, 1971, in the same criminal action as is involved in the matter before the court. The judgment recites that the bond therein involved was deposited through North Beach Bonding Company.

scure. Nor does the record contain any written motion identifying the party or parties who moved to set aside the bail forfeiture.[3]

Reference to the "Order Directing Forfeiture of Bail and Issuance of Bench Warrant" signed and filed March 27, 1972, which is the order attacked by the motions made in the lower .court, indicates that the bail involved was bond numbered 30 A 10012 of the Wilshire Insurance Company in the sum of $20,000, filed January 18, 1971, to insure the appearance of the defendant Peter J. Tovar.

"Appellants' Opening Brief" blithely refers to Peter John Tovar, Wilshire Insurance Company and North Beach Bonding Co. as "Defendants and Appellants" despite the fact that the third party is the only one which filed a notice of appeal. That party, however, is nowhere named in the record before the court. The People, as represented by the county which is the real party in interest, acquiesced in this designation. Augmentation of the record does indicate that appellant, North Beach Bonding Company, was the bail bond broker.[4] It will, therefore, be assumed, as it has been by the

[3]The card on a memorandum of points and authorities filed April 12, 1972, recites "Attorney for Defendant" although neither the typed attorney's name nor the name of the attorney subscribing the memorandum was the attorney of record for the named defendant, Peter John Tovar. The clerk's minutes of the order assigning the motion for hearing on April 13, 1972, indicate an appearance by the former attorney as "attorney for the defendant." The minutes of the department in which the "Motion to exonerate Bail and Set Aside Bond Forfeiture" was argued and denied indicate an appearance by the attorney who subscribed the memorandum as "attorney for bonding company." The reporter's transcript of the hearing on April 13, 1972, indicates the latter attorney in oral argument identified himself as appearing as an associate of the former attorney and as "representing the bonding company."
On April 24, 1972, the same attorneys filed a supplemental memorandum of points and authorities in which the principal attorney referred to himself as "Attorney for Petitioner" and the associate who signed the memorandum, added "Attorney for Petitioner, Wilshire Insurance Company." The minutes for May 1, 1972, denying the motion for rehearing on "Motion to Exonerate Bail" identify that attorney as "attorney for bailbondsman."

[4]Because of the importance of the issue raised the record has been augmented by the court on its own motion. (Cal. Rules of Court, rule 12a. Cf. rule 52.) The bond involved in the sum of $20,000 was filed with the municipal court on January 5, 1971, and with the superior court on January 18, 1971, and appears to be in the form prescribed by Penal Code section 1459. Wilshire Insurance Company is the named surety insurer, and North Beach Bonding Company appears to be the bail agent. The "Notice of Motion to Exonerate Bail and Set Aside Bail Forfeiture" filed April 12, 1971, names the surety insurer as the moving party, and is subscribed "Attorney for Defendant" although the subscribing attorney never appeared of record for the defendant. The "Notice of Motion for Re-hearing of Motion to Exonerate Bail and Set Aside Bail Forfeiture" names the surety insurer as the moving party, and is subscribed by the same attorney as "Attorney for Petitioner." Both notices of motion erroneously refer to the bond as in the sum of $10,000.
According to the clerk the only written order regarding the forfeiture of bail posted for the defendant Tovar is the order signed and filed March 27, 1972. It may be assumed that the entry of judgment on that bond (Pen. Code, § 1306) has been de-

parties, that the broker, who may be responsible to his principal, the bonding company, is a party aggrieved by the orders it seeks to have reversed. Section 1305 of the Penal Code expressly recognizes that the bail agent of the surety insurer is a party who is authorized to give notice of a motion and move for an order discharging the forfeiture of an undertaking for bail. It is established that an order refusing to set aside a forfeiture of bail is subject to review in a civil appeal. (*Newman* v. *Superior Court* (1967) 67 Cal.2d 620, 622 [63 Cal.Rptr. 284, 432 P.2d 972]; *People* v. *Durbin* (1966) 64 Cal.2d 474, 476 [50 Cal.Rptr. 657, 413 P.2d 433]; and *People* v. *Wilcox* (1960) 53 Cal.2d 651, 654-655 [2 Cal.Rptr. 754, 349 P.2d 522, 78 A.L.R.2d 1174].)

The record reveals that the defendant, Peter John Tovar, following his conviction of violations of provisions of the Health and Safety Code appeared with his attorney before the court on the morning of March 21, 1972, for consideration of his motion for probation and pronouncement of judgment. The minutes reflect that probation was denied and that he was sentenced to the Department of Corrections for the term prescribed by law. A motion for bail pending appeal was denied. Defendant was granted a stay of execution to 5 p.m., March 24, 1972, at which time he was to surrender himself to the sheriff for delivery to the Department of Corrections. Bail was ordered exonerated upon surrender.[5]

The clerk's minutes reflect that on Friday, March 24 at 3:30 p.m. the defendant's attorney unaccompanied by the defendant, presented an "Application for Stay of Execution of Judgment and Bail Pending Appeal, Application for Order Shortening Time for Service & Order, Notice of

---

layed pending disposition of this appeal. (See *People* v. *Wilcox* (1960) 53 Cal.2d 651, 657 [2 Cal.Rptr. 754, 349 P.2d 522, 78 A.L.R.2d 1174].)

Counsel's failure to name the surety insurer in its notice of appeal, and to include all pertinent material in the record is inexcusable, and could have led to graver consequences if the county, as well as it might have, had sought and secured an order dismissing the appeal.

[5]The reporter's transcript reflects that defendant's attorney requested the court to send the defendant for a diagnostic evaluaion before sentence pursuant to the provisions of section 1203.03 of the Penal Code, or to sentence him to a year in the county jail. The court pointed out that the defendant was one of the ringleaders in the conspiracy which resulted in his prosecution and conviction, and denied that request. It ruled as follows: ". . . his motion for probation is denied, . . . We're going to allow, as requested by [defendant's attorney] . . . Mr. Tovar the privilege of a stay on this particular sentence to 5:00 p.m. on Friday at which time he's to present himself to the sheriff here at the county jail facility for transportation to Vacaville for placement in the Department of Corrections. . . . Mr. Tovar's motion for bail pending appeal will be denied." The last ruling was again reiterated after defense counsel indicated he was in fact filing an appeal under the provisions of section 1538.5 of the Penal Code.

Application for Bail Pending Appeal, and Application for Stay of Execution of Judgment." The application was denied, as was also a motion for a continuance to March 30, 1972.

The defendant failed to surrender himself in execution of judgment. On March 27, 1972, an order was signed and filed which ordered "that the $20,000 deposited as bail [represented by Wilshire Insurance Company bond No. 30 A 10012 filed Jan. 18, 1971] for the appearance of the defendant is forfeited, and that a Bench Warrant issue in the above entitled matter directing that defendant be arrested and taken forthwith to the San Mateo County Jail."

The appellant contends that the court erred in failing to set aside the order directing forfeiture of bail because the conditions of the bond were fully performed when the defendant appeared for pronouncement of judgment; that the bond should have been exonerated at that time; and that in any event, the right to declare a forfeiture was waived because the court failed to declare a forfeiture when the defendant failed to appear in open court on the afternoon of May 24, 1972. The last point has no merit. Resolution of the former question depends upon the construction to be given the provisions of sections 1195, 1305, 1306 and 1459 of the Penal Code, and the terms of the bond filed on behalf of the missing defendant. It is concluded that the surety insurer's obligation must be measured by the provisions of the bond as viewed in the light of the applicable statutes; that the statutes as amended do not require that the surety shall produce a defendant who has appeared for pronouncement of judgment in execution of judgment; and that on the record in this case the bail should have been exonerated when the defendant appeared for pronouncement of judgment. The order denying the motion to exonerate bail and set aside bail forfeiture must be reversed. The appeal from the order denying rehearing will be dismissed as moot. (Cf. *People* v. *Wabash Fire & Cas. Ins. Co.* (1967) 256 Cal.App.2d 386, 388 [64 Cal.Rptr. 74].)

## I

In *People* v. *United Bonding Ins. Co.* (1971) 5 Cal.3d 898 [98 Cal.Rptr. 57, 489 P.2d 1385] the court ruled that the provisions of section 1305 of the Penal Code[6] require that the court must declare a forfeiture immediately

---

[6]Section 1305 of the Penal Code provides in pertinent part: "(a) If, without sufficient excuse, the defendant neglects to appear for arraignment or for trial or judgment, or upon any other occasion when his presence in court is lawfully required, or to surrender himself in execution of the judgment, the court must direct the fact to

when it appears that the defendant has failed to appear without sufficient excuse or the surety will be discharged. The court stated, "Court minutes which fail to disclose that the court has expressly excused a nonappearance on a record which is silent as to a defendant's reasons therefor, will require a reviewing court to conclude that a nonappearance was without sufficient excuse and that the right to declare a forfeiture not having been exercised was foreclosed. An excused nonappearance, accordingly, should be expressly reflected in the minutes." (5 Cal.3d at p. 907. See also *People* v. *Surety Ins. Co.* (1973) 34 Cal.App.3d 444, 447 [109 Cal.Rptr. 894].)

Subdivision (b) of section 977 of the Penal Code provides that in felony cases a defendant must be present at certain designated stages of the proceedings and then adds: "The accused shall be personally present at all other proceedings unless he shall, with leave of court, execute in open court, a written waiver of his right to be personally present, approved by his counsel, which waiver must then be filed with the court; . . ."

By juxtaposition of the two foregoing principles appellant asserts that the unexcused absence of the defendant at the proceedings held at 3:30 p.m. on March 24, 1972, gave rise to an opportunity to declare the bail forfeited which, unexercised, precluded further action to forfeit the bail on the following Monday, March 27. The provisions in section 997 are designed to implement the defendant's due process right to be present at his trial and other proceedings. (See *People* v. *Williams* (1970) 10 Cal. App.3d 745, 751-752 [89 Cal.Rptr. 364].) It is absurd to contend that an attorney by appearing without his client an hour and one-half before the latter was directed to appear could place his client in default. The remedy, if the appearance of the defendant was necessary, was to refuse to entertain the motions without the presence of the defendant. The denial of the motions renders that issue moot. No order of forfeiture could have been entered at those proceedings and therefore *People* v. *United Bonding Ins. Co., supra,* is inapplicable.

be entered upon its minutes and the undertaking of bail, or the money deposited instead of bail, as the case may be, must thereupon be declared forfeited, [there follow provisions for giving notice of the forfeiture "to the surety on the bond, or depositor of money, instead of a bond" and "to the bail agent or solicitor who posted the bond"; further provisions set forth the conditions under which a forfeiture may be relieved within a 180-day period, the grounds for which such period may be extended, and the procedure to secure an order discharging a forfeiture] . . . (b) If, without sufficient excuse, the defendant neglects to appear for arraignment, trial, judgment, or upon any other occasion when his presence in court is lawfully required, or to surrender himself in execution of the judgment, but the court has reason to believe that sufficient excuse may exist for his neglect to appear or surrender himself, the court may continue the case for such period as it deems reasonable to enable the defendant to appear without ordering a forfeiture of bail or issuing a bench warrant."

## II

The form of undertakings for bail is prescribed by statute in this state. The parties have assumed that the provisions of section 1459 of the Penal Code, which refer to "Undertakings of bail filed in inferior courts" governs this case. The record indicates that although the defendant was prosecuted by an indictment on which he was arraigned on February 5, 1971, in the superior court, he was originally charged by a complaint filed in the municipal court, and was released on bail on January 5, 1971, to appear in the municipal court on January 11, 1971. Apparently as a result of proceedings taken in that court the bond was filed with the superior court on January 18, 1971, and concededly stood for his further appearance in that court on the same or similar charges whether prosecuted by information or indictment.[7]

The undertaking prescribed by statute and found in the bail bond filed in this case reads: "Now, the ———— (stating the name of admitted surety insurer and state of incorporation) hereby undertakes that the above-named defendant will appear in the above-named court on the date above set forth to answer any charge in any accusatory pleading based upon the acts supporting the complaint filed against him/her and all duly authorized amendments thereof, in whatever court it may be prosecuted, and will at all times hold him/herself amenable to the orders and process of the court and, if convicted, will appear *for pronouncement of judgment or grant of probation* or if he/she fails to perform either of these conditions, that the ———— (stating the name of admitted surety insurer and state of incorporation) will pay to the people of the State of California the sum of ———— dollars ($————) (stating the amount of the undertaking of the admitted surety insurer)." (Italics added.)

As originally enacted (Stats. 1955, ch. 510, § 1, pp. 987-988) section 1459 required the surety to undertake that the defendant ". . . will at all times hold him/herself amenable to the orders and process of the court, and, if convicted, will appear for judgment *and render him/herself in execution*

---

[7]Penal Code section 1278 provides a form of undertaking to be posted before indictment when the accused is held to answer; section 1287 prescribes a form of undertaking to be posted before conviction but after an indictment is filed; section 1316 contains a form for bail taken upon recommitment of the defendant; and section 1458 sets forth a general form of undertaking for bail in cases triable in inferior courts. With the exception of section 1316, which has not been amended since enacted in 1872, since 1957 the provisions share a common statutory history with section 1459. (See Stats. 1957, ch. 1974, §§ 1-4, pp. 3520-3523; Stats. 1959, ch. 1188, §§ 1-4, pp. 3272-3275; and Stats. 1969, ch. 1259, §§ 3, 4, 8 and 9, pp. 2461-2462 and 2464-2465.)

*thereof; . . .*" (Italics added.) In 1957 the emphasized clause was deleted from the section (Stats. 1957, ch. 1974, § 4, p. 3522). In 1959 the phrase "or grant of probation" was added (Stats. 1959, ch. 1188, § 4, p. 3274). In 1969 the section was amended to clarify that the bail would apply to any charge in any accusatory pleading based upon the acts supporting the original complaint. (Stats. 1969, ch. 1259, § 9, p. 2465.) Similar amendments have been made to other comparable provisions of the code. (See fn. 7 above.)

It must be assumed that the Legislature intended a change in the law regarding the scope of the liability assumed by an admitted surety insurer filing an undertaking of bail in the statutory form when it deleted the coverage for the defendant who failed to render himself in execution of judgment. (See *People* v. *Valentine* (1946) 28 Cal.2d 121, 142 [169 P.2d 1].) This conclusion is buttressed by the provisions of section 1195 which prior to 1959 referred solely to the situation where the defendant did not appear for judgment.[8] In 1959 the Legislature added the second paragraph which reads: "If the defendant, who is on bail, does appear for judgment and judgment is pronounced upon him or probation is granted to him, then the bail shall be exonerated or, if money or property has been deposited instead of bail, it must be returned to the defendant or to the person or persons found by the court to have deposited said money or property on behalf of said defendant." (Stats. 1959, ch. 1187, § 1, p. 3272.)

Prior to these amendments, and under a bond in the form prescribed prior to 1957, it was held that the surety insurer would be liable in the event the defendant failed to render himself in execution of judgment. In *U. S. Fid. & Guar. Co.* v. *Justice Court* (1950) 99 Cal.App.2d 683 [222 P.2d 292], the defendant having been sentenced to pay a fine of $250 or serve 90 days in jail requested and was granted a 10-day stay of execution. The defendant failed to pay the fine or surrender himself to serve the jail terms. The court reversed a lower court ruling which had held the bond was exonerated when the defendant appeared for sentencing. The court stated: "The bond, by its plain language, provides that the defendant will appear for judgment and render himself in execution thereof. He appeared for judgment and at his request the time when he should again appear for the

---

[8]The first paragraph of section 1195 now reads and since 1951 (Stats. 1951, ch. 1674, § 123, p. 3853) has read: "If the defendant has been released on bail, or has deposited money or property instead thereof, and does not appear for judgment when his personal appearance is necessary, the court, in addition to the forefeiture of the undertaking of bail, or of the money or property deposited, must, on application of the prosecuting attorney, direct the issuance of a bench warrant for the arrest of the defendant."

purpose of surrendering himself in execution thereof was fixed. He failed to comply with the condition of the bond that he render himself in execution of the judgment. The petitioner herein, as surety, was liable for his appearance in accordance with the terms of the bond. [Citation.]" (99 Cal.App.2d at p. 685. See also *People* v. *Scott* (1960) 184 Cal.App.2d 792, 793 [7 Cal.Rptr. 755]; *People* v. *Fidelity & Deposit Co.* (1930) 107 Cal.App. 160, 163-165 [290 P. 59]; and *People* v. *Doe* (1959) 172 Cal.App.2d Supp. 812, 815 [342 P.2d 533].)

The reasons for the change in the law are manifest. The law recognizes that there is a greater risk that a defendant will fail to appear after sentence than before. Bail on appeal from a felony conviction is discretionary (§ 1272, subd. 3), whereas except in capital cases, bail before sentencing is a matter of right unless the defendant is expressly ordered into custody at the time of trial (§§ 1270, 1271 and 1129). The increased risk is also inherently recognized by the People, as indemnitee under the bond, when they state that the court knew that the defendant was a ringleader in a group of defendants who were convicted of selling narcotics, that he stood convicted of serious felonies arising out of those activities and that he had been denied bail on appeal. They assert that no court would grant a stay of execution to such a convicted felon without bail and that therefore, the bail must be deemed to have continued in effect. The gravity of the risk and the misapprehension of the court cannot extend the contractual obligation of the surety insurer beyond that contemplated by the statutes and found in the bond itself. The very risks referred to render it improbable that the insurer, if so requested would extend the coverage so as to agree to indemnify for subsequent nonappearance without an opportunity to reappraise the risk and exact further consideration and further security if it deemed such to be proper.

It is recognized that the same result may be obtained by continuing the matter of pronouncement of judgment after indicating what the judgment will be. In that case, however, the surety will know that his undertaking to produce the defendant for sentencing is unperformed and if insecure he may surrender the defendant into custody and ask for exoneration of bail. (§ 1300.) In this case, the conditions of the bond have been performed and the surety would have no right to arrest and surrender the defendant. Moreover, in the former case the defendant may still have a lingering hope that the threatened sentence may be ameliorated or avoided.

It must be concluded that the obligation of the surety insurer did not extend to indemnifying the People if the defendant failed to render himself

in execution of judgment after a stay of an appreciable period of time from his appearance for procurement of judgment.[9]

## III

■ The provisions of section 1305 do read: "If, without sufficient excuse, the defendant neglects to appear for arraignment or for trial or judgment, or upon any other occasion when his presence in court is lawfully required, or *to surrender himself in execution of the judgment,* the court must direct the fact to be entered upon its minutes and the undertaking of bail, or the money deposited instead of bail, as the case may be, must thereupon be declared forfeited, . . ." (Italics added.) This section read similarly prior to the amendments of sections 1278, 1287, 1458 and 1459 and 1195 which have been reviewed above. (See Stats. 1955, ch. 1421, § 1, p. 2590 and cf. Stats. cited in fn. 7 above.) Moreover, the section has been reenacted several times with amendments since 1957 and 1959 without deleting or changing the emphasized language.[10]

The People contend that there is therefore, a legislative intent that the surety insurer must furnish indemnity when a stay of execution is granted and a defendant, who has appeared for "pronouncement of judgment" as required by the provisions of sections 1278 and 1459, fails to "surrender himself in execution of judgment" as recited in section 1305. They point out that sections 1278 and 1459 and the required bonds all contain an express reference to sections 1305 and 1306 and thereby extend the coverage accordingly.

This argument will not bear analysis. Section 1305, when read as a whole is a procedural statute. It sets forth the ritual to be followed in declaring a forfeiture of bail, the notice to be given, and the period of time and the manner in which relief from forfeiture may be secured. It does not purport

---

[9]Appellant has requested the court to take judicial notice under Evidence Code section 452, subdivision (d) of an unpublished decision of the Court of Appeal for the Third Appellate District, which reached a similar conclusion. Although the reasoning leading to that conclusion was equally persuasive in that case, the decision cannot be considered a precedent. (See Cal. Rules of Court, rule 977, effective Jan. 1, 1974; cf., *People* v. *Cobb* (1971) 15 Cal.App.3d 1, 3 [93 Cal.Rptr. 152].)

[10]The amendments for the most part are concerned with the procedure to be followed after the declaration of forfeiture and the manner in which relief from forfeiture may be obtained. (See Stats. 1961, ch. 942, § 1, p. 2574; 1963, ch. 2014, § 1, p. 4113; 1965, ch. 1926, § 1, p. 4448; 1967, ch. 109, § 1, p. 1027; 1968, ch. 1300, § 1, p. 2450; 1969, ch. 1259, § 6, pp. 2463-2465; 1970, ch. 936, § 2, p. 1694; and 1972, ch. 1114, § 1, pp. 2124-2126.) It may be noted that the 1969 amendment is contained in the same chapter as the last amendments to the sections prescribing the form of bond.

to cover the scope of the undertaking which is to be declared forfeited. That subject is particularly dealt with in sections 1278, 1287, 1458 and 1459. Both parties agree that when a particular statutory provision conflicts with a general statutory provision, the former should control. (See *People* v. *Wood* (1958) 161 Cal.App.2d 24, 29 [325 P.2d 1014].) They disagree as to which statute, section 1195 or section 1305, should be considered particular. Moreover, section 1195, as amended, particularly deals with the action to be taken by the court on nonappearance, or appearance for pronouncement of judgment, whereas section 1305 appears to refer to all cases of nonappearance. Section 1305 is only particular with respect to the procedures to be followed if forfeiture is proper.

The reference to sections 1305 and 1306 found in sections 1278, 1287, 1458 and 1459 and in the requisite surety bond does not strengthen the People's case. The reference is purely to the procedural provisions of those sections—"If the forfeiture of this bond be ordered by the court, judgment may be summarily made and entered . . . as provided by Sections 1305 and 1306 of the California Penal Code." Such a provision gives no notice of an extension of liability for an event not covered in the body of the statutory bond particularly when such event has been deleted by amendment of sections 1278, 1287, 1458 and 1459.

## IV

The People point out that generally before bail can be exonerated, there must not only be a pronouncement of judgment or grant of probation, but also a taking of the defendant into custody when the judgment or order granting probation provides for immediate incarceration. (See *People* v. *Handley* (1970) 11 Cal.App.3d 277, 284 [89 Cal.Rptr. 656]; *People* v. *Stuyvesant Ins. Co.* (1968) 261 Cal.App.2d 773, 784-785 [68 Cal.Rptr. 389]; *People* v. *Scott, supra,* 184 Cal.App.2d 792, 793-794 and *People* v. *Fidelity & Deposit Co., supra,* 107 Cal.App. 160, 165.) None of the foregoing cases deal with the situation where the court purports to suspend the execution of sentence under a bond or a statute such as found in this case. In *Handley,* the issue revolved about the interpretation of the provisions of subdivision (a) of section 4532 of the Penal Code governing escape. The court refers to the fact bail had been exonerated because the defendant there had been convicted, sentenced and ordered into custody.

In *People* v. *Stuyvesant Ins. Co.,* the surety contended that an order revoking bail of a defendant out on bail following conviction by plea of nolo contendere, and before sentence, effected an exoneration of the bail. The court correctly pointed out that the bail could not be exonerated

until the defendant who failed to appear was returned to custody. In *People* v. *Scott* and *People* v. *Fidelity & Deposit Co.*, the failure to appear was between conviction and sentencing. Moreover, in each case the undertaking was that the defendant would surrender himself in execution of judgment.

In this case all of the conditions of the bond were performed and the court could not extend them by granting a stay of execution. It is unnecessary to determine what the result would be if the defendant on hearing the court's first pronouncement had bolted the courtroom before the sheriff's deputy could lay a hand on him. Such is not this case. When custody is delayed by order of court beyond the reach of the conditions of the bond, as when future custody is ordered as a condition of probation (see *People* v. *Doe, supra,* 172 Cal.App.2d Supp. 812, 816-818) the surety is not liable for non-appearance and the undertaking must be exonerated.

■ "The object of bail is to insure the attendance of the principal and his obedience to the orders and judgment of the court. There should be no suggestion of revenue to the state or county, nor punishment to the surety." (*People* v. *Calvert* (1954) 129 Cal.App.2d 693, 698 [277 P.2d 834]. See also *People* v. *Wilcox, supra,* 53 Cal.2d 651, 656-657.) ■ Where there is a breach of the obligation, the bail should be enforced. When the nonappearance is not one which the bail was required to or did cover, it would penalize the surety unwarrantedly to permit recovery on the undertaking. Forfeitures are disfavored and statutes imposing them are to be strictly construed. (*People* v. *United Bonding Ins. Co., supra,* 5 Cal.3d 898, 906; *Ukiah Guaranty Co.* v. *Curry* (1905) 148 Cal. 256, 257 [82 P. 1048]; *People* v. *Surety Ins. Co.* (1973) 30 Cal.App.3d 75, 79 [106 Cal.Rptr. 220]. See also *County of Los Angeles* v. *Resolute Ins. Co.* (1972) 22 Cal.App.3d 961, 964 [99 Cal.Rptr. 743].) These policies indicate that the express provisions found in Penal Code section 1195 must govern, and not the provisions found in section 1305.

The order of April 13, 1972, denying the motion to exonerate bail and to set aside bail forfeiture, is reversed. The appeal from the order of May 1, 1972, denying a rehearing is dismissed.

Molinari, P. J., and Elkington, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied March 8, 1974.