Filed 4/29/13  P. v. Bankers Ins. Co. CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>BANKERS INSURANCE COMPANY,<br><br>    Defendant and Appellant. | G046024<br><br>(Super. Ct. No. 10CF0494)<br><br>O P I N I O N |

Appeal from a judgment and postjudgment order the Superior Court of Orange County, Craig E. Robison, Judge.  Affirmed.

E. Alan Nunez for Defendant and Appellant.

Nicholas S. Chrisos, County Counsel, and Marisa Matsumura, Deputy County Counsel, for Plaintiff and Respondent.

\*        \*        \*

## INTRODUCTION

Bankers Insurance Company (Bankers) appeals from a summary judgment entered on forfeiture of a bail bond, posted to secure the appearance of defendant Flor Garcia, and from an order denying Bankers' motion to set aside the summary judgment, discharge forfeiture of bail, and exonerate the bail bond. Bankers argues (1) the trial court's noncompliance with Penal Code section 1166 (section 1166) exonerated the bail bond by operation of law and (2) Garcia's deportation constituted a permanent disability that entitled Bankers to exoneration of the bond under Penal Code section 1305, subdivision (d).

We hold a trial court's noncompliance with section 1166[1] does not exonerate a bail bond by operation of law. We also hold Bankers' motion to set aside summary judgment, discharge forfeiture of bail, and exonerate the bail bond was not timely filed under Penal Code section 1305, subdivision (b). We therefore affirm.

## BACKGROUND

In March 2010, Bankers posted bail bond No. 555056637-7 for the release of Garcia from custody. Garcia had been charged with felony violation of Health and Safety Code section 11351.5. Bail was in the amount of $30,000.

---

[1] Section 1166 provides: "If a general verdict is rendered against the defendant, or a special verdict is given, he or she must be remanded, if in custody, or if on bail he or she shall be committed to the proper officer of the county to await the judgment of the court upon the verdict, unless, upon considering the protection of the public, the seriousness of the offense charged and proven, the previous criminal record of the defendant, the probability of the defendant failing to appear for the judgment of the court upon the verdict, and public safety, the court concludes the evidence supports its decision to allow the defendant to remain out on bail. When committed, his or her bail is exonerated, or if money is deposited instead of bail it must be refunded to the defendant or to the person or persons found by the court to have deposited said money on behalf of said defendant."

2

On November 17, 2010, a jury returned a verdict finding Garcia guilty of a lesser included offense of the charged crime. The jury was discharged, and the trial court set sentencing for November 19, 2010. The court minutes for November 17 state, "[d]efendant ordered to appear" and "[p]resent bail deemed sufficient and continued."

Sentencing was continued to December 3, 2010. The court minutes again state, "[d]efendant ordered to return" and "[p]resent bail deemed sufficient and continued."

Garcia did not appear for sentencing on December 3, and, on that date, the trial court ordered the bail bond forfeited in open court. The court clerk mailed a notice of felony bond forfeiture on December 6, 2010.

In June 2011, Bankers brought a motion to extend the 180-day period in which to bring a motion to vacate the forfeiture of the bail bond. The trial court denied the motion. On July 20, 2011, a summary judgment was entered on the forfeiture pursuant to Penal Code section 1306, subdivision (a). The County of Orange (the County) served a notice of entry of summary judgment upon forfeiture of bail bond on August 1, 2011.

On August 16, 2011, Bankers filed a "motion to set aside summary judgment; discharge forfeiture and exonerate bail" (capitalization omitted) (the Motion to Vacate). The Motion to Vacate was made on two grounds: (1) the bail bond was exonerated by operation of law on November 17, 2010 because the trial court had failed to comply with section 1166 and (2) deportation of Garcia rendered performance on the bail bond impossible, thereby exonerating the bond under Penal Code section 1305, subdivision (d). The trial court denied the Motion to Vacate on September 16, 2011. Bankers appealed from the order denying the Motion to Vacate and from the summary judgment.

3

## DISCUSSION

## I.

### The Appeal Is Timely.

The summary judgment is appealable as a final judgment. (Code Civ. Proc., § 904.1, subd. (a)(1).) An order denying a motion to set aside forfeiture of bail has been held to be appealable. (*People v. Wilcox* (1960) 53 Cal.2d 651, 654-655.) An order denying a motion to vacate a judgment is appealable "when the record available to the appellate court on such appeal raises issues which are not disclosed or could not be disposed of on appeal from the judgment itself." (*Rooney v. Vermont Investment Corp.* (1973) 10 Cal.3d 351, 359.)

The County argues Bankers' appeal is untimely because the Motion to Vacate was untimely and therefore did not extend the time in which to file a notice of appeal from the summary judgment. Bankers did not appeal only from the summary judgment: Bankers also appealed from the September 16, 2011 order denying the Motion to Vacate. The order denying the Motion to Vacate was itself appealable either as an order denying a motion to set aside forfeiture of bail (*People v. Wilcox*, *supra*, 53 Cal.2d at pp. 654-655) or because the appeal raises issues which were not disclosed or could not be disposed of on appeal from the summary judgment (*Rooney v. Vermont Investment Corp.*, *supra*, 10 Cal.3d at p. 359). The notice of appeal, filed on November 2, 2011, was timely, as measured from September 16, 2011. (Cal. Rules of Court, rule 8.104(a).)

Bankers' appeal from the summary judgment also was timely. The County's argument that the appeal was untimely is based on the erroneous assertion that notice of entry of judgment was served on July 20, 2011. That was the date judgment was entered. Notice of entry of judgment was served on August 1, 2011. Code of Civil Procedure section 663a, subdivision (a)(2) requires notice of a motion to vacate a judgment be filed within 15 days of mailing of notice of entry of judgment by the court

4

clerk or service by a party of notice of entry of judgment. Bankers filed the Motion to Vacate on August 16, 2011, within 15 days of mailing the notice of entry of judgment. The Motion to Vacate, assuming it was made under section 663a, subdivision (a)(2), was timely.[2]

The trial court denied the Motion to Vacate on September 16, 2011. Because an order denying the Motion to Vacate or notice of entry of that order was not served, under California Rules of Court, rule 8.108(c)(2), Bankers had 90 days from the date it filed the Motion to Vacate, in which to file the notice of appeal from the summary judgment. Bankers therefore had until November 14, 2011, in which to file its notice of appeal from the summary judgment. Bankers timely filed a notice of appeal on November 2, 2011.

## II.

### The Trial Court's Noncompliance with Section 1166 Did Not Exonerate the Bail Bond by Operation of Law.

A. *Noncompliance with Section 1166*

Bankers contends the bail bond was exonerated by operation of law on November 17, 2010, when the trial court allowed Garcia to remain free on bail, on the ground the court did not comply with section 1166.

Section 1166 states: "If a general verdict is rendered against the defendant, or a special verdict is given, he or she must be remanded, if in custody, or if on bail he or she shall be committed to the proper officer of the county to await the judgment of the court upon the verdict, unless, upon considering the protection of the public, the seriousness of the offense charged and proven, the previous criminal record of the defendant, the probability of the defendant failing to appear for the judgment of the court

---

[2] As explained below, the Motion to Vacate was in effect a motion to vacate the order forfeiting the bail bond under Penal Code section 1305.

upon the verdict, and public safety, the court concludes the evidence supports its decision to allow the defendant to remain out on bail. When committed, his or her bail is exonerated, or if money is deposited instead of bail it must be refunded to the defendant or to the person or persons found by the court to have deposited said money on behalf of said defendant."

"[Section 1166] *requires* the court to commit the defendant to custody unless, after considering five factors, the court concludes the evidence supports a decision to release the defendant on bail." (*People v. Seneca Ins. Co.* (2003) 29 Cal.4th 954, 957 (*Seneca*).)

Under section 1166, commitment of the defendant to the "proper officer of the county" to await sentencing following rendition of the verdict exonerates the bail bond by operation of law. (*People v. Doe* (1959) 172 Cal.App.2d Supp. 812, 816.) An order forfeiting the bail bond after its exoneration under section 1166 is void and may be challenged at any time. (*People v. Doe*, *supra*, at p. 817.)

Conversely, if the trial court considers the factors identified in section 1166 and concludes the evidence supports its decision to allow the defendant to remain out on bail, then the bail bond continues in effect. It follows that a later order forfeiting the bond must be challenged within the relevant time restraints. (See, e.g., Pen. Code, § 1305, subds. (b) & (d).)

The trial court in this case did not comply with section 1166. There is nothing in the court minutes for November 17, 2010, or the reporter's transcript of proceedings on that date, which shows the court considered the factors identified in section 1166 and concluded the evidence supported a decision to allow Garcia to remain free on bail. While we agree with the County that section 1166 imposes no obligation on the trial court to make formal findings, it was necessary for the trial court to articulate the grounds upon which it reached its conclusion with sufficient specificity to permit meaningful review. (*In re Podesto* (1976) 15 Cal.3d 921, 938 (*Podesto*).)

*Podesto*, *supra*, 13 Cal.3d at page 929, addressed Penal Code former section 1272, which granted the trial court discretion to release convicted defendants pending appeal. The *Podesto* court listed a series of factors (now codified in section 1166) that a trial court must consider in determining whether to remand or release a convicted defendant pending sentencing. (*Podesto*, *supra*, at pp. 932-933.) The court concluded that "to facilitate meaningful review trial courts should provide a brief statement of reasons supporting a denial of release pending appeal." (*Id.* at p. 933, italics omitted.) "Such a statement need not include conventional findings of fact; all that is required 'is that the basis for the order be set forth "with sufficient specificity to permit meaningful review."'" (*Id.* at p. 938.)

From the record, we cannot tell whether the trial court considered the factors identified in section 1166 for releasing a defendant on bail pending sentencing or whether the trial court concluded the evidence supported its decision to allow Garcia to remain out on bail until sentencing. The trial court therefore did not meet the requirements set forth in *Podesto* for complying with section 1166.

B. *No Exoneration by Operation of Law*

As we have explained, section 1166 states that *commitment* of the defendant to the county to await sentencing exonerates the bail bond by operation of law. Section 1166 does not state that the trial court's failure to consider the factors identified in section 1166 before allowing the defendant to remain free on bail also exonerates the bail bond by operation of law.

This issue has not been addressed in prior decisions. In *Seneca*, *supra*, 29 Cal.4th 954, the court addressed whether section 1166 applies in the case of a conviction by guilty plea. The surety argued the trial court erred by failing to comply with section 1166 before allowing the defendant to remain free on bail after pleading guilty. (*Seneca*, *supra*, at p. 956.) The court's failure to comply with section 1166 was, the

surety argued, a jurisdictional error that exonerated the bail bond by operation of law. (*Seneca*, *supra*, at p. 956.) The California Supreme Court concluded section 1166 applied only when the defendant was found guilty by verdict and did not apply when the defendant pleaded guilty. (*Seneca*, *supra*, at pp. 956, 964.) The court expressly stated, "[w]e do not decide whether a trial court's failure to comply with section 1166 in a case where that provision does apply would have the effect of exonerating bail by operation of law." (*Id.* at p. 957.)

People v. Accredited Surety & Casualty Co., Inc. (2004) 125 Cal.App.4th 1 (*Accredited Surety*) addressed a similar issue. The surety in that case argued its liability on the bail bond was discharged by operation of law because the trial court reduced the amount of bail from $2 million to $20,000 without complying with Penal Code section 1275, subdivision (a), which requires a court to consider public safety, the seriousness of the offense, the defendant's prior criminal record, and the flight risk, in setting, reducing or denying bail. (*Accredited Surety*, *supra*, at pp. 6-8.) Rejecting that argument, the Court of Appeal concluded, "[n]oncompliance with section 1275 is not a cognizable ground for exoneration nor a defense to forfeiture of a bail bond." (*Id.* at p. 6.) The "unambiguous purpose" of section 1275 is public safety, its provisions "have nothing to do with bails bonds," and nothing in section 1275 abrogated the surety's contractual obligation to pay bail when the defendant failed to appear. (*Accredited Surety*, *supra*, at pp. 7-8.) The trial court's failure to comply with section 1275 therefore "does not operate to exonerate a surety's liability, and is not a defense to forfeiture of the bail bond." (*Accredited Surety*, *supra*, at p. 8.)

Section 1166, unlike Penal Code section 1275, does provide for exoneration of bail bonds, but only when the defendant is committed upon rendition of the verdict. Nothing in section 1166 suggests the requirement that the trial court consider various factors before allowing the defendant to remain out on bail was intended to protect the

8

surety on the bail bond.[3]  In *Podesto*, *supra*, 15 Cal.3d at page 937, the Supreme Court concluded that the requirement of articulated reasons served the interests of protecting the defendant's right to meaningful appellate review of a decision denying bail, safeguarding against a "careless decision," and preserving public confidence in the decisionmaking process.  Failure to comply with section 1166 is not among the statutory grounds for exoneration of the bail bond.  (Pen. Code, §§ 980, subd. (b), 1000.2, 1116, 1188, 1296, 1305, subds. (b), (c) & (d), 1371, 1384.)  The argument that the bail bond is exonerated by operation of law when the trial court fails to articulate reasons presupposes the trial court, had it considered the factors identified in section 1166, would not have allowed the defendant to remain out on bail.

We therefore conclude a trial court's noncompliance with section 1166 before allowing a defendant to remain free on bail does not exonerate a bail bond by operation of law.  We do not address whether the trial court's noncompliance with section 1166 is a defense to forfeiture of the bail bond because, as we conclude in part III. of the Discussion, the Motion to Vacate was untimely.

### III.

### The Motion to Vacate Was Untimely.

Bankers argues the trial court erred by denying the Motion to Vacate because Garcia's deportation created a "permanent disability" under Penal Code section 1305, subdivision (d).[4]  We find no error because the Motion to Vacate was not timely filed.

---

[3]  Bankers argues, "the mandatory language in section 1166" was intended to protect the surety.  In support of that argument, Bankers cites *County of Orange v. Lexington Nat. Ins. Corp.* (2006) 140 Cal.App.4th 1488, and *People v. American Contractors Indemnity Co.* (2001) 91 Cal.App.4th 799, both of which concern compliance with Penal Code sections 1305 and 1306.

[4]  Section 1305, subdivision (d) states:  In the case of a permanent disability, the court shall direct the order of forfeiture to be vacated and the bail or money or property deposited as bail exonerated if, within 180 days of the date of forfeiture or within 180

A motion to vacate an order of forfeiture of a bail bond must be filed within 185 days of the date the court clerk mails the notice of forfeiture. (Pen. Code, § 1305, subd. (b).) "The 185 days after the date the clerk of the court mails a notice of forfeiture (180 days plus five days for mailing) to the appropriate parties is known as the appearance period. [Citation.] During this time, the surety on the bond is entitled to move to have the forfeiture vacated and the bond exonerated on certain grounds, such as an appearance in court by the accused. [Citation.] The trial court may also toll the appearance period under certain circumstances, or extend the period by no more than 180 days from the date the trial court orders the extension, provided that the surety files its motion before the original 185-day appearance period expires and demonstrates good cause for the extension. [Citations.]" (*People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 658.) The motion must be heard within 30 days of the expiration of the 180-day period unless extended by the court on a showing of good cause. (Pen. Code, § 1305, subd. (j).) Once the period for exonerating the bond expires, the trial court loses jurisdiction to grant relief from forfeiture. (*People v. Accredited Surety & Casualty Co., Inc.* (2012) 203 Cal.App.4th 1490, 1503.)

In this case, the notice of felony bond forfeiture was mailed on December 6, 2010. Bankers filed the Motion to Vacate over 185 days later, on August 16, 2011. Bankers brought a motion to extend the 180-day period in which to vacate forfeiture of the bail bond, but the trial court denied the motion. Bankers does not argue the trial court erred by denying the motion for an extension of time.

The Motion to Vacate, though technically made to vacate summary judgment, was for all intents and purposes a motion to vacate the order of forfeiture. The

days of the date of mailing of the notice, if notice is required under subdivision (b), it is made apparent to the satisfaction of the court that both of the following conditions are met: [¶] (1) The defendant is deceased or otherwise permanently unable to appear in the court due to illness, insanity, or detention by military or civil authorities. [¶] (2) The absence of the defendant is without the connivance of the bail."

10

Motion to Vacate was based on grounds for vacating forfeiture under Penal Code section 1305, subdivision (d) and could have been made as a motion to vacate forfeiture within the 185-day period.  The Motion to Vacate was not brought within 185 days of the mailing of the notice of forfeiture and therefore was untimely.  As Bankers failed to seek relief from the order forfeiting bail in a timely fashion, summary judgment on the forfeited bail bond is affirmed.

### DISPOSITION

The summary judgment and the order denying the Motion to Vacate are affirmed.  Respondent shall recover costs incurred on appeal.


FYBEL, J.

WE CONCUR:


ARONSON, ACTING P. J.


IKOLA, J.

11