[No. F050421. Fifth Dist. Mar. 27, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
SAFETY NATIONAL CASUALTY CORPORATION, Defendant and
Appellant.

**COUNSEL**

Nunez & Bernstein and E. Alan Nunez for Defendant and Appellant.

Kathleen Bales-Lange, County Counsel, Ronald E. Rezac and Deanne H. Peterson, Deputy County Counsel, for Plaintiff and Respondent.

## OPINION

**GOMES, J.**—Safety National Casualty Corporation (Safety National) appeals the trial court's order denying its motion to set aside a forfeiture and exonerate a bail bond posted for the release of a defendant, Sabrina Post (Post). Safety National contends the trial court lost jurisdiction to declare the bond forfeited when (1) the bail bond at issue was exonerated by operation of law upon Post's reinstatement to probation, and (2) the bail agent failed to receive actual notice of the forfeiture order. As we shall explain, we agree with the first contention and therefore will reverse the order of summary judgment.

## FACTS

On September 21, 2004, Post pled guilty to a misdemeanor violation of Penal Code section 484, subdivision (a),[1] theft. That same day, the trial court ordered the imposition of sentence suspended pending completion of the terms of her probation, which included performing volunteer work in lieu of a fine, and ordered her to appear on January 18, 2005, to provide proof she had completed the work.

Post failed to appear in court on January 18, 2005, and the trial court issued a $35,000 bench warrant. Post eventually was arrested on the bench warrant. On June 11, 2005, a $35,000 bail bond issued by Safety National was posted for Post's release from custody, and she was ordered to appear in court on July 5, 2005. Post, however, failed to appear on that date. The trial court declared the bail forfeited and issued a $100,000 bench warrant. A notice of forfeiture was mailed to Safety National and the bail agent.

On July 12, 2005, Post appeared in court. The bail agent submitted a written notice that Safety National did not object to the reinstatement of bail on the bail bond for a period of 10 days from the notice's date. The trial court withdrew the bench warrant, set aside the forfeiture, reinstated bail, and continued the case to July 19, 2005, for proof of enrollment in the volunteer program. Post signed a statement on the trial court's minute order that she was released on her own recognizance.

Post failed to appear in court on July 19, 2005. The trial court declared the bail forfeited and issued a $100,000 bench warrant. A notice of the order forfeiting bail was prepared, on which the clerk stated the notice had been mailed to Safety National and the bail agent at the addresses listed on the bond.

---

[1] All further statutory references are to the Penal Code.

The trial court entered summary judgment on February 1, 2006. On February 14, 2006, Post appeared in court, the bench warrant was recalled, and Post, who was released on her own recognizance, was ordered to complete the volunteer work by April 30, 2006, and provide proof of enrollment at a hearing on February 21, 2006. Post failed to appear on February 21, and the trial court issued a $35,000 bench warrant.

On March 23, 2006, the bail agent filed a motion on Safety National's behalf to set aside the summary judgment and exonerate the bail bond on the ground the bail agent did not receive the notice of order forfeiting bail. The People filed written opposition to the motion. After Pamela Burk testified at the April 18, 2006, hearing on the motion and the trial court heard oral argument, the court denied the motion. This timely appeal followed.

## DISCUSSION

Safety National challenges the trial court's denial of its summary judgment motion on two grounds: (1) the bond was exonerated by operation of law when Post appeared in court on July 12, 2005, and the court reinstated her probation; and (2) even if not exonerated, the court lost jurisdiction to declare a forfeiture when the bail agent failed to receive actual notice of the forfeiture.

Addressing Safety National's first claim, we note that section 1195 provides in pertinent part: "If the defendant, who is on bail, does appear for judgment and judgment is pronounced upon him or probation is granted to him, then the bail shall be exonerated . . . ." It is well established in the case law that section 1195 is self-executing, and a surety's obligations under the bond are extinguished upon pronouncement of sentence.

In *People v. North Beach Bonding Co.* (1974) 36 Cal.App.3d 663 [111 Cal.Rptr. 757] (*North Beach*), when the defendant appeared for pronouncement of judgment, the court denied probation, imposed a prison sentence, and granted a three-day stay of execution. After the defendant failed to surrender as ordered, the trial court declared the bail forfeited and later denied the surety's motion to set the forfeiture aside. The appellate court held the trial court erred in denying the motion because the bond's conditions were fully performed when the defendant appeared for pronouncement of judgment. (*Id.* at p. 668.) The court explained, "In this case all of the conditions of the bond were performed and the court could not extend them by granting a stay of execution . . . . When custody is delayed by order of court beyond the reach of the conditions of the bond, as when future custody is ordered as a condition of probation [citation][,] the surety is not liable for non-appearance and the undertaking must be exonerated." (*Id.* at p. 675.)

In *People v. Wilshire Ins. Co.* (1977) 67 Cal.App.3d 521 [136 Cal.Rptr. 693] (*Wilshire*), the defendant, who had been released on bail pending appeal, appeared on September 17, 1975, for execution of judgment and sentence after his judgment of conviction was affirmed. His motion for stay of execution was granted to September 29 after the trial court orally ordered the defendant remanded and bail exonerated, but the minute order did not reflect the exoneration. The defendant failed to appear on September 29 and the trial court declared the bail forfeited. The trial court denied the surety's motion to vacate the forfeiture. On appeal, the surety contended that all conditions of the appeal bail bond were fully performed when the defendant appeared for execution of the judgment and sentence, and bail was exonerated when the trial court orally stated the bail was exonerated. (*Id.* at pp. 524–525.)

The appellate court concluded the "key issue presented is whether the surety's obligations have been performed to entitle it to an order exonerating bail." (*Wilshire, supra,* 67 Cal.App.3d at p. 535.) The court noted "there is no liability on the part of a surety under its bail bond if the defendant's nonappearance at court is not one covered by the bond's provisions. '. . . When the nonappearance is not one which the bail was required to or did cover, it would penalize the surety unwarrantedly to permit recovery on the undertaking.' [Citation.]" (*Id.* at pp. 535–536.) The court concluded the facts at bench were similar to and governed by the principles stated in *North Beach.* (*Id.* at p. 536.) The court explained: "On September 17, 1975, Wilshire's appeal bond obligations as required by Penal Code section 1195 had been fully performed. Defendant . . . appeared for execution of the judgment and sentence, surrendered, and was taken into custody by the sheriff, and the trial court ordered exoneration of the bail accordingly. Defendant['s] . . . nonappearance on the continued date of September 29, 1975, was not one covered by the obligations of the Wilshire bond. On the continued date of September 29, 1975, the provisions of Penal Code section 1305 could have no application since there was no obligation on the part of Wilshire to insure [defendant's] appearance on that date . . . ." (*Id.* at pp. 536–537.)

In *People v. Doe* (1959) 172 Cal.App.2d Supp. 812 [342 P.2d 533] (*Doe*), the defendant appeared for pronouncement of judgment and was granted probation on condition she serve 30 days in jail and pay a fine in five monthly installments upon her release from jail. When the defendant failed to pay the third installment, the court ordered she be rearrested and the bail forfeited. The surety's motion to vacate the forfeiture and for exoneration of bail was denied. (*Id.* at p. Supp. 814.) On appeal, the court first rejected the People's contention that the surety was liable for the defendant's failure to pay the fine, concluding the guaranty that the defendant make herself amenable to the court's orders relates solely to her appearance when required,

and the surety "does not undertake the statutory bond to guarantee the payment of any fine assessed against the defendant[.] [Citation.]" (*Id.* at p. Supp. 815.)

The court, relying on section 1166,[2] also held: "We conclude that by the order for probation, defendant had been committed to the custody of the 'proper officer of the county,' to wit, first the jailer, then the court, and upon making of the probation order, the bail was exonerated by operation of law. [¶] That such was the legislative intention is also indicated by Penal Code, section 1203.1, providing that a judge in granting probation 'may require another bond 'for the faithful observance and performance of any or all of the conditions of probation.' (Pen. Code, § 1203.1.) If it were the legislative intention that the bail bond given to procure release of the defendant before trial should continue in force, or that bail should be posted after trial if the defendant then for the first time was released on probation, the statute certainly would have stated this in fixing the form of the bond obligation." (*Doe, supra,* 172 Cal.App.2d at p. Supp. 816.) The court also noted that sureties ordinarily are entitled to arrest a defendant at any time during the continuance of bail and redeliver custody to the court, "[b]ut if the court has granted the defendant probation, the power to surrender the defendant not only would defeat the purpose of probation, but would impair its operation, as both the court and the sureties would have the control of the defendant." (*Id.* at pp. Supp. 816–817.) The court reasoned that since the provisions of section 1166 "are self-operating[,] [t]he order forfeiting the bail was not erroneous but void." (*Doe,* at p. Supp. 817.)

From these cases it is apparent that (1) when the defendant's nonappearance is not covered by the bond's terms, the surety is not liable under the bond, (2) when the conditions of the bond are performed, the court cannot extend them, and (3) similar to section 1166, the provisions of section 1195 are self-executing, i.e., upon grant of probation, bail is exonerated by operation of law. Here, Post originally was granted probation in September 2004. When she violated probation by failing to appear in court on the date ordered, a bench warrant issued, pursuant to which she was arrested and incarcerated. In June 2005, Safety National issued its bond to secure Post's release, which by its terms guaranteed that Post would appear in court on July 5, 2005, "and will at all times hold him/herself amenable to the orders and process of the court, and if convicted, will appear for pronouncement of judgment or grant of probation . . . ." Although Post did not appear on July 5,

---

[2] As stated by the court in *Doe,* section 1166 at that time provided: " 'If a general verdict is rendered against the defendant, or a special verdict is given, he must be remanded, if in custody, or if on bail he may be committed to the proper officer of the county to await the judgment of the court upon the verdict. When committed his bail is exonerated . . . .' " (*Doe, supra,* 172 Cal.App.2d at p. Supp. 816.)

she did appear on July 12. At the July 12 hearing, the court continued Post on probation when it ordered her to appear on July 19 to provide proof of enrollment in the volunteer program. By returning Post to probation, the bail was exonerated by operation of law. Consequently, the trial court's order reinstating bail and its pronouncement of forfeiture of bail when Post failed to appear at the next scheduled hearing were void acts, as there was no obligation in existence that could be reinstated or forfeited.

Since there was no obligation in existence after the court reinstated probation, that the bail agent consented on Safety National's behalf to reinstatement of the bail is without effect. The consent was to reinstatement of the original bail, which guaranteed Post's appearance for pronouncement of judgment or grant of probation. After the court continued Post on probation, the obligations of the bond were fulfilled and there was nothing to reinstate. As the conditions of the bond were performed, the court could not extend them. (See *North Beach, supra,* 36 Cal.App.3d at p. 675.) Although the People are correct that section 1203.1, subdivision (a)(4) permits a court when granting probation to require another bond "for the faithful observance and performance of any or all of the conditions of probation," the Safety National bond at issue here was not such a bond, as by its terms it guaranteed Post's appearance through pronouncement of judgment or grant of probation, not her performance on probation.

Because the trial court was without jurisdiction to reinstate the bail and declare the bail forfeited, summary judgment was wrongly entered. While the People contend our review of this issue is precluded by Safety National's failure to raise it below, entry of summary judgment based on a void forfeiture order is a jurisdictional defect that may be raised for the first time on appeal. (*Doe, supra,* 172 Cal.App.2d at p. Supp. 817; see also *People v. Ranger Ins. Co.* (1996) 51 Cal.App.4th 1379, 1385 [59 Cal.Rptr.2d 777] ["jurisdiction-defeating" mistakes may be raised at any time, including for the first time on appeal]; *County of Madera v. Ranger Ins. Co.* (1991) 230 Cal.App.3d 271, 279 [281 Cal.Rptr. 230] [jurisdictional defects may be raised for the first time on appeal].) Since we conclude the bond was exonerated when the court reinstated probation, we need not address Safety National's alternative argument that the court lost jurisdiction over the bond because the bail agent did not receive actual notice that the court had declared a forfeiture.

## DISPOSITION

The summary judgment forfeiting Safety National's bond and the order denying the motion to set aside that judgment are reversed. The case is remanded for the trial court to enter orders granting the motion and vacating the forfeiture. Safety National is awarded its costs on appeal.

Harris, Acting P. J., and Levy, J., concurred.