Filed 8/26/15  P. v. Financial Casualty & Surety CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>FINANCIAL CASUALTY & SURETY, INC.,<br><br>      Defendant and Appellant. | B256578<br><br>(Los Angeles County<br>Super. Ct. Nos. SJ3930, SJ3931) |

APPEAL from an order of the Superior Court of Los Angeles County.  Rupa S. Goswami, Judge.  Affirmed.

John M. Rorabaugh and E. Alan Nunez, for Defendant and Appellant.

Mark J. Saladino, County Counsel, Ruben Baeza, Jr., Assistant County Counsel, and Debbie C. Carlos and Kevin J. Engelien, Deputy County Counsel for Plaintiff and Respondent.

Defendant and appellant Financial Casualty & Surety, Inc. (Financial) appeals from an order denying its motions to set aside bail bond forfeitures on the ground that the trial court lacked jurisdiction to declare a forfeiture after purportedly placing defendant Javier Carvente (Carvente) on probation. We affirm the trial court's order.

## BACKGROUND

**Los Angeles Superior Court Case No. 9MP10053**

On September 17, 2009, Carvente entered a no contest plea to violations of Vehicle Code sections 14601.1, subdivision (a) and 23152, subdivision (b). He was sentenced to summary probation and was ordered to participate in an 18-month alcohol treatment or counseling program and to complete 10 days of community labor.

On December 17, 2009, Carvente's probation was revoked and he was ordered to return on February 16, 2010, for a probation violation hearing at which he failed to appear.

**Los Angeles Superior Court Case No. 5ZZ03303**

On June 25, 2007, Carvente entered a no contest plea to a violation of Vehicle Code section 23152, subdivision (b), was sentenced to summary probation, and was ordered to participate in a nine-month alcohol program and to serve seven days in jail or perform seven days of community labor. On March 25, 2008, Carvente's probation was revoked for failure to appear.

On September 4, 2009, Carvente was present in court, out on bail, and ordered to perform two AA meetings a week pending his probation violation hearing. On September 17, 2009, Carvente stipulated that he had violated probation, and the court reinstated his probation with modified terms and exonerated bail. Carvente subsequently failed to appear as ordered, and his probation was revoked on February 16, 2010.

**Subsequent proceedings in both cases**

On July 16, 2012, Financial posted bond No. FCS50-952184 for Carvente's release from custody in case No. 5ZZ03303 and bond No. FCS50-962588 for Carvente's release from custody in case No. 9MP10053.

2

Carvente was present at a July 26, 2012 hearing at which the trial court noted that probation had been revoked in both of Carvente's cases since February 16, 2010. The court stated that probation would remain revoked but granted Carvente's motion to continue the probation violation hearing for two months. The court then pointed out to Carvente that he had the opportunity until the next hearing date to "do whatever you can" toward completing his unfulfilled obligations to enroll in an alcohol program, to serve 48 hours of jail time, and to perform community labor, and that "the more you do, the better off you are." Carvente agreed to waive time on both cases, and he was ordered to return on September 25, 2012. At the conclusion of the hearing, the trial court ordered the bond posted in each of Carvente's cases to remain standing.

Carvente was present in court at the September 25, 2012 hearing at which he presented proof of enrollment in an alcohol program and a program for community labor. The trial court would not reinstate Carvente's probation because he had not enrolled in an alcohol program until the day before the hearing, had not completed his community labor obligations, and had not served the requisite jail time. Instead, the court observed, "So what I would like to do, then, if it is agreeable to you, is continue the hearing on both of these matters for two more months with a time waiver and we will continue the probation violation. Your probation will remain revoked. The bond will still stand until you come back, and we will see where you are two months from now. If you made progress then I am most likely willing to reinstate then at that time, depending on how much progress you made, including city jail time." Carvente agreed to further continue the probation violation hearing on both of his cases, and the trial court set the hearing date for November 30, 2012. The court ordered the bond posted in each of Carvente's cases to remain standing.

Carvente failed to appear at the November 30, 2012 probation violation hearing. The trial court ordered the bond posted in each case forfeited and issued a bench warrant. Notice of the forfeitures was mailed on December 3, 2012.

Financial's motion to vacate the forfeiture and exonerate the bonds was heard on April 23, 2014. Financial argued that by providing Carvente with re-enrollment papers

3

for alcohol and community labor programs at the July 26, 2012 hearing on Carvente's motion to continue the probation violation hearing, the court had effectively reinstated Carvente's probation, thereby exonerating the bond by operation of law. After hearing argument from the parties, the trial court denied the motion, noting that it was "very clear that the defendant was not on probation." Financial filed separate appeals for the forfeited bonds, and we ordered the two appeals consolidated.

## DISCUSSION

### I. Applicable law and standard of review

The purpose of bail and its forfeiture is to ensure a criminal defendant's appearance in court and adherence to court orders. (*People v. Fairmont Specialty Group* (2009) 173 Cal.App.4th 146, 151.) A bail bond is a contract between the court and a surety whereby the surety promises that a defendant released from custody will appear in court when ordered. If the defendant fails to appear, the surety becomes a debtor for the bond amount. (*Ibid.*) Bail is forfeited when a defendant fails to appear as ordered before judgment is pronounced. (Pen. Code, § 1305, subd. (a).)

"While it is true that the law disfavors forfeitures, including forfeitures of bail under the bail provisions of the Penal Code, it is the burden of the surety to show that a forfeiture of its bail should be set aside. [Citation.]" (*People v. American Surety Ins. Co.* (2001) 88 Cal.App.4th 762, 768.) An order denying a motion to set aside a bail forfeiture is reviewed under the abuse of discretion standard. (*People v. Legion Ins. Co.* (2002) 102 Cal.App.4th 1192, 1195.) Under this standard, the trial court's decision will be affirmed on appeal unless it ""'"exceeds the bounds of reason, all circumstances being considered. [Citation.]"'" [Citation.]" (*People v. Ranger Ins. Co.* (2000) 81 Cal.App.4th 676, 679-680, quoting *People v. Froehlig* (1991) 1 Cal.App.4th 260, 265.)

Penal Code section 1195 provides in pertinent part: "If the defendant, who is on bail, does appear for judgment and judgment is pronounced upon him or probation is granted to him, then the bail shall be exonerated or, if money or property has been deposited instead of bail, it must be returned to the defendant or to the person or persons found by the court to have deposited said money or property on behalf of said defendant."

4

The statutory provisions are self-executing. Upon a trial court's grant or reinstatement of probation, bail is exonerated by operation of law. (*People v. Safety National Casualty Corp.* (2007) 150 Cal.App.4th 11, 16-17 (*Safety*).)

## II. Penal Code section 1195 does not apply

Financial argues that Carvente was "effectively" placed on "informal probation" at the July 26, 2012 hearing at which the court provided Carvente with reenrollment papers for his unfulfilled obligations to complete an alcohol program and to perform community labor. The record is clear that Carvente's probation remained revoked at the July 26, 2012 hearing and that the bonds posted in each of his cases were not exonerated. The court did not reinstate Carvente's probation on July 26, 2012, or any subsequent date, but simply continued the date of the probation violation hearing. By doing so, the court provided Carvente with additional time to comply with his probation conditions and possibly avoid a formal revocation of his probation, though the court specifically did not reinstate probation.

Financial argues that the instant case is "nearly identical" to *Safety*, in which the bond was held to have been exonerated by a reinstatement of probation. The surety in that case posted a bond for the release of a probationer named Post, who had been arrested on a bench warrant after failing to appear in court to show that she had completed volunteer work required as a condition of her probation. Post failed to appear on the next court date, and the court declared the bail forfeited and issued a new bench warrant. Post appeared one week later, on July 12, and the court withdrew the bench warrant, set aside the bail forfeiture, and continued the matter for another week to allow Post to show proof that she had enrolled in a volunteer program. The bail agent submitted written notice that it did not object to the reinstatement of bail for 10 days, and Post signed a statement on the minute order releasing her on her own recognizance. When Post failed to appear on July 19, the court ordered bail forfeited. The surety's motion to set aside the summary judgment and exonerate the bail bond was subsequently denied. (*Safety, supra*, 150 Cal.App.4th at pp. 13-14.)

The appellate opinion in *Safety* does not indicate whether the trial court ever revoked Post's probation, or, if it did, whether the court ordered that probation remain revoked. The appellate court concluded that "[a]t the July 12 hearing, the court continued Post on probation when it ordered her to appear on July 19 to provide proof of enrollment in the volunteer program. By returning Post to probation, the bail was exonerated by operation of law. Consequently, the trial court's order reinstating bail and its pronouncement of forfeiture of bail when Post failed to appear at the next scheduled hearing were void acts, as there was no obligation in existence that could be reinstated or forfeited." (*Safety, supra*, 150 Cal.App.4th at p. 17.)

Here, in contrast, the trial court consistently, repeatedly, and expressly stated that Carvente's probation remained revoked and that the court was not reinstating probation. *Safety* is thus distinguishable.[1]

The trial court's continuance of the probation violation hearing was not an "effective" reinstatement of Carvente's probation. The conditions for exoneration of the bond under Penal Code section 1195 were not met, bail was not exonerated, and the trial court did not abuse its discretion by denying Financial's motion to set aside the forfeiture.

### DISPOSITION

The order is affirmed. The County of Los Angeles is awarded its costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____, J.
CHAVEZ

We concur:

_____, P. J.          _____, J.
BOREN                                    ASHMANN-GERST

---

[1]     Other cases cited by Financial do not involve Penal Code section 1195 and are inapposite. (See *People v. Orihuela* (2004) 122 Cal.App.4th 70; *People v. Superior Court* (*Roam*) (1999) 69 Cal.App.4th 1220; *People v. Ormiston* (2003) 105 Cal.App.4th 676.)