Filed 3/18/21  P. v. North River Insurance Co. CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>THE NORTH RIVER INSURANCE COMPANY,<br><br>    Defendant and Appellant,<br><br><br>BAD BOYS BAIL BONDS,<br><br>    Real Party in Interest and Appellant. | A157356<br><br><br>(San Mateo County<br>Super. Ct. No. 19CIV00097) |

The North River Insurance Company (North River) and Bad Boys Bail Bonds (Bad Boys) appeal from a summary judgment entered on a bail bond and an order denying their motion to set aside the judgment.  They contend the trial court lacked jurisdiction to enter the summary judgment because the defendant had a sufficient excuse for failing to appear.  We will affirm.

1

## I. FACTS AND PROCEDURAL HISTORY

North River, as surety, and Bad Boys, as bail agent, posted a bail bond in the amount of $45,000 guaranteeing the appearance of criminal defendant Matthew Lee Kennedy.

On May 25, 2018, Kennedy failed to appear in court as required by law. The court (Judge Holt) declared the bond forfeited in open court. Notice of the forfeiture was mailed to appellants on June 4, 2018.

During the 180-day appearance period ending on December 6, 2018, no motion was filed to vacate the forfeiture or exonerate bail (Pen. Code, § 1305) or to obtain an extension of the time to bring Kennedy into court (§ 1305.4).[1]

Summary judgment on the bond was signed by Judge Finigan on December 19, 2018. The judgment recites that Kennedy failed to appear on May 25, 2018 "without sufficient excuse" and the court had forfeited the bond. It orders that judgment be entered for $45,000 against North River and in favor of the People pursuant to section 1306. The judgment was filed on January 8, 2019, and the court clerk mailed notice of the entry of the judgment that same day.

Meanwhile, on December 26, 2018—after the judgment was signed but before it was filed—the defendant appeared in court. His lawyer stated: "Your Honor, Mr. Kennedy has family in the courtroom, and they want the Court to be aware Mr. Kennedy has a developmental disability. He came to court on his last day, but was separated from the friend that brought him to the courthouse. [¶] His wife will support him to make sure he comes to court and will provide transportation and reminders." No evidence was offered to substantiate defendant's disability or his inability to appear at the May 2018

---

[1] Except where indicated otherwise, all statutory references are to the Penal Code.

2

hearing without assistance, and there was no request to set aside the bail forfeiture or exonerate the bond. Ruling on Kennedy's custody status, the court (Judge Runde) declined to release Kennedy on his own recognizance in view of his prior convictions and failures to appear, but reset bail in a lower amount.

On February 4, 2019, North River and Bad Boys filed a motion to set aside the summary judgment, vacate the forfeiture, and exonerate the bond pursuant to Code of Civil Procedure section 473, subdivision (d). The motion did not assert that Kennedy had a sufficient excuse for failing to appear at the May 25, 2018 hearing. Instead, appellants made other contentions—which they represent in their opening brief that they are not pursuing in this appeal—that the court failed to declare the bail forfeited in "open court" (an accusation they later withdrew) , the original order setting bail violated due process under *In re Humphrey* (2018) 19 Cal.App.5th 1006, and the summary judgment was invalid because it was entered by a judge other than the one who declared the bail forfeited (a proposition rejected in *People v. North River Insurance Co.* (2020) 53 Cal.App.5th 559, 565).

Respondent filed an opposition to the motion.

## II. DISCUSSION

### A. Legal Framework

When a defendant, "without sufficient excuse," fails to appear in court when lawfully required, the court must declare in open court that the bail bond is forfeited. (§ 1305, subd. (a)(1)(D).) Lack of a "sufficient excuse" is a jurisdictional prerequisite to a declaration of forfeiture. (*People v. Safety National Casualty Corp.* (2016) 62 Cal.4th 703, 709–710; *People v. The North River Ins. Co.* (2019) 37 Cal.App.5th 784, 791.)

3

Once bail has been forfeited, the clerk must mail a notice of forfeiture to the surety. (§ 1305, subd. (b).) The surety then has 180 days, known as the "appearance period," to bring the defendant into court. (§ 1305, subd. (c).) Within the statutory appearance period, the surety may seek an extension of the time to locate the defendant (§ 1305.4) or file a motion requesting relief from the forfeiture and exoneration of the bail. (*People v. Financial Casualty & Surety, Inc.* (2017) 14 Cal.App.5th 127, 133.) The surety bears the burden of establishing, with competent evidence, entitlement to relief from the forfeiture. (*People v. Accredited Surety & Casualty Co.* (2004) 132 Cal.App.4th 1134, 1139, 1147.)

Once the appearance period passes, the trial court has no jurisdiction to vacate the bail forfeiture and exonerate the bond. (*People v. The North River Ins. Co.* (2017) 18 Cal.App.5th 863, 871 ["A trial court lacks jurisdiction to entertain a motion to vacate forfeiture if filed after the appearance period has ended."]; see § 1305, subd. (j); *People v. Topa Ins. Co.* (1995) 32 Cal.App.4th 296, 300–301 [trial court lacked jurisdiction to consider motion for relief from forfeiture that was filed on the last day of the appearance period].)

If the bail forfeiture has not been set aside, the court must enter summary judgment on the bond in favor of the People. (§ 1306; *People v. American Contractors Indemnity* Co. (2004) 33 Cal.4th 653, 657.)

B. <u>Analysis</u>

Appellants contend the court lacked jurisdiction to enter summary judgment on the bond because Kennedy had a sufficient excuse for his non-appearance. They point to defense counsel's statement on December 26, 2018, that Kennedy had a developmental disability and had not appeared because he became separated from a friend who was assisting him. They contend this "new fact was undisputed" and should have been considered by

4

Judge Finigan in deciding whether to issue summary judgment. They also ask us to find that there was a sufficient excuse as a matter of law. Their argument is meritless.

In the first place, appellants' argument is untimely. Although "the lack of a sufficient excuse for the defendant's nonappearance" has been described as a "jurisdictional prerequisite[]" for declaring a forfeiture (*People v. Safety National Casualty Corp., supra*, 62 Cal.4th at p. 710), the existence of such an excuse cannot be raised for the first time in this appeal.[2] To the contrary, if a bail forfeiture is not challenged within the appearance period, it is waived and the court no longer has jurisdiction to set the forfeiture aside. (*People v. The North River Ins. Co., supra,* 18 Cal.App.5th at p. 871.) Here, notice of the forfeiture was mailed to appellants on June 4, 2018, so the 180-day appearance period, extended by five days for mailing, expired on December 6, 2018. Appellants did not file a motion to vacate the forfeiture and exonerate the bond by that deadline (indeed, ever). Moreover, when appellants filed

[2]     If a judgment were issued by a court without *fundamental* jurisdiction, the judgment would be void and subject to attack at any time. To this end, appellants claim "the trial court does not have fundamental jurisdiction over a bail forfeiture until the jurisdictional prerequisites [such as the defendant's lack of a sufficient excuse for failing to appear] are met." But that is incorrect. Fundamental jurisdiction pertains to the court's power to hear a matter, in this case with respect to the bail bond. The superior court has fundamental jurisdiction over a bail bond " '*from the point that it is issued* until the point it is either satisfied, exonerated, or time expires to enter summary judgment after forfeiture.' " (*People v. American Contractors Indemnity Co., supra,* 33 Cal.4th at p. 663, italics added.) Thus, while forfeiting bail on a bond that has already been exonerated would be an act in absence of fundamental jurisdiction (*People v. Safety National Casualty Corp.* (2007) 150 Cal.App.4th 11, 17), forfeiting bail on a valid bond (and thereafter entering summary judgment on the bond), where the defendant had a sufficient excuse, would merely be acts in excess of the court's jurisdiction over the bond, rendering the summary judgment voidable, not void.

their motion to set aside the summary judgment, they did not argue that Kennedy had a sufficient excuse for not appearing. Appellants do not provide authority that the judgment, or the order denying a motion to set it aside, can be reversed on a ground not presented to the trial court. (*People v. Accredited Surety & Casualty Co., supra*, 132 Cal.App.4th at p. 1148 [surety cannot raise theory for vacating forfeiture for first time on appeal].)

At any rate, appellants fail to demonstrate that Kennedy had a sufficient excuse for his non-appearance. A " 'defendant's failure to appear without explanation is presumptively without sufficient excuse' " (*People v. North River Ins. Co., supra*, 37 Cal.App.5th at p. 796), and no explanation was given for Kennedy's no-show at the May 25 , 2018 hearing. Appellants (or Kennedy) thereafter had the burden of showing, by "competent evidence," an entitlement to relief from the forfeiture. (*People v. Accredited Surety & Casualty Co., supra,* 132 Cal.App.4th at pp. 1139, 1146–1148.) Although counsel belatedly made a statement about Kennedy's circumstances at a custody hearing, no evidence was presented to support the assertion or a conclusion that Kennedy had a sufficient excuse for failing to appear. Appellants therefore fail to show that the summary judgment is voidable, let alone void. And because the judgment was not void, there was no basis for setting it aside as void under Code of Civil Procedure section 473, subdivision (d).

Lastly, contrary to appellants' argument, the assertion made by defense counsel to Judge Runde at the custody hearing could not have been considered by Judge Finigan before he signed the judgment. Judge Finigan signed the judgment seven days *before* counsel's assertion. As appellants stated elsewhere in their opening brief, "it was not possible for Judge Finigan to take into account the excuse provided by Kennedy's counsel at the hearing

on December 26, 2018." Although the judgment was not filed by the clerk until after defense counsel's statement, there is no indication Judge Runde knew of the judgment or its pendency with the clerk, or that Judge Finigan found out that counsel had made the statement to Judge Runde before the judgment was filed. And even if knowledge of counsel's statement were imputed to the court and its clerk, counsel's statement would not have compelled any change to the judgment for the reasons stated *ante*. Appellants fail to establish error.

## III. <u>DISPOSITION</u>

The judgment, and the order denying appellants' motion to set aside the judgment, are affirmed.

‘

_____

NEEDHAM, J.

We concur.


_____

SIMONS, Acting P. J.



_____

BURNS, J.



*People v. North River Insurance Co. /* A157356

‘